BENJAMIN VISCO, PROSECUTOR, v. CITY OF PLAINFIELD AND THE BOARD OF ADJUSTMENT OF THE CITY OF PLAINFIELD, DEFENDANTS.

Submitted October 31, 1947—Decided March 1, 1948.

660

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *George F. Hetfield.*

For the defendants, *Salvador Diana.*

The opinion of the court was delivered by

HEHER, J. Prosecutor complains of the action of the local board of adjustment dismissing his petition for leave to erect a one-story cement block addition—14 ft. x 16 ft.—to a building in the rear of his premises Nos. 1162-1168 West Front Street, in Plainfield, for produce cold storage and garage uses, and thus for business, in an area zoned for residential uses by the local zoning ordinance. The property has a frontage of 81.3 feet on West Front Street and a depth of 128.16 feet on one side and 142.67 feet on the other, or a mean depth of approximately 135 feet. It is situate between Emma Street and Mariners Place; and all the lands on the northerly side of West Front Street between these streets, to a depth of 100 feet, are zoned for business, and beyond that depth for "C" residence uses.

The points made are (1) that under the ordinance the rear 35 feet of prosecutor's property are usable only for residential purposes, and the area is insufficient in size for such use, and the regulation therefore deprives him of all use and enjoyment of this portion of his lands in violation of article I, paragraph 16 of the State Constitution of 1844, as amended, providing that private property shall not be taken for public use without just compensation—citing *Passaic* v. *Paterson Bill Posting Co.,* 72 *N. J. L.* 285; and (2) that, for the same reason, the action of the board of adjustment was arbitrary, capricious and unreasonable.

Use zoning in the exercise of the police power pursuant to article IV, section VI, paragraph 5 of the State Constitution does not constitute the taking of private property for public use within the intendment of article I, paragraph 16 of the constitution. But it is requisite to the exercise of the zoning power that the regulation be reasonable and not arbitrary or confiscatory, *i. e.*, it must bear a substantial relation to one or more of the considerations properly to be served by zoning; otherwise, the regulation would invade the constitutional right of private property. *Brandon* v. *Montclair*, *124 N. J. L.* 135; *affirmed, 125 Id.* 367.

It is said that due to the varying depths of the properties abutting on West Front Street, it was "impractical" to constitute the rear lot lines the district boundary line, and so there is "an arbitrary setback of 100 feet" which renders the rear part of prosecutor's land unusable for residential purposes because of "insufficient area" or for business because within a residence zone, and the regulation is therefore confiscatory.

Thus, prosecutor seeks by indirection—by means of a variance permissible only for the avoidance of "unnecessary hardship"—what he concedes would be "impractical" in the exertion of the local legislative power; and this in itself would seem to expose the vice of his contention. The delineation of such use districts by the local legislative tribunal involves the exercise of a reasonable discretion, controlled by the statutory considerations; and there is no ground for judicial interference unless there has been arbitrary action. There was none such here. The location of the district boundary in a straight parallel line 100 feet back from West Front Street is not assailed as unreasonable or capricious, nor could it well be. The statute (*R. S.* 40:55–31, 40:55–32) empowers the local governing body to "divide the municipality into districts of such number, shape, and area as may be deemed best suited to carry out 'the purposes" thereof, and directs that the regulation of the structures in such districts shall be "with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of

property and encouraging the most appropriate use of land throughout" the municipality; and there is no deviation from this criterion in the zoning for business of the land abutting on West Front Street, to the depth indicated, and the restriction to residence uses of all the land to the rear fronting on Emma Street and Mariners Place.

The essence of use zoning is territorial division according to the character of the lands and structures and their "peculiar suitability" for particular uses, among other considerations, and uniformity of use within the division. *Potts* v. *Board of Adjustment of Princeton,* 133 *N. J. L.* 230. A uniform division line was essential to the zoning for residence uses of the lands to the rear of the business zone fronting on the named intersecting streets. An irregular district boundary line would have interfered with the zoning of the land to the rear for the highest and best use to which it was adapted and, perhaps, would have rendered the regulation assailable as lacking in uniformity and discriminatory. There was no obligation upon the local legislative body to zone for business all the land of the individual owner, regardless of depth. If that were so, the exercise of the zoning power would be radically restricted where lands on either side of such bisecting division line are in the one ownership; and thus the statutory policy would be subverted. Here, for example, the immediately contiguous lands could not in that event be zoned for the use for which they are best suited. The proposed structure would be located 12 feet from the rear lot line, and quite close to a dwelling house in the residence zone.

There was no showing of "unnecessary hardship" within the intendment of *R. S.* 40 :55–36 and 40 :55–39. A variance on this ground is permissible to serve "the spirit of the ordinance" and to do "substantial justice," and is not allowable if "contrary to the public interest." There is no such hardship here. Prosecutor's lands are in the main zoned for business, their best use; and the burden cast upon the relatively small portion to the rear because of its natural relation to the adjacent lands adapted to residence uses, and zoned accordingly, is purely incidental to the exercise of the zoning

authority and offset by the resulting advantages, and thus there is no relievable hardship within the statutory view nor compensable invasion of the fundamental right of private property. An exception is not permissible if it would disserve the essential legislative policy. A variance is designed to correct maladjustments and inequities in the operation of the general regulation, consistent with the intent and purpose of the statute and the ordinance; and there is no occasion for such relief here. *Potts* v. *Board of Adjustment of Princeton, supra.* The presumption in favor of the validity of the particular zone regulation has not been overthrown. We find no ground for holding that there was an arbitrary exercise of the local board's authority to vary the letter of the use regulation to prevent "unnecessary" hardship, in accordance with the spirit and purpose of the statute and the ordinance. There has been no abuse of power.

The writ is dismissed, with costs.