JOSEPH F. KINDERGAN ET AL., PROSECUTORS-RESPOND-
ENTS, v. THE BOARD OF ADJUSTMENT OF THE BOR-
OUGH OF RIVER EDGE ET AL., DEFENDANTS-APPEL-
LANTS.

Submitted May 18, 1948—Decided May 27, 1948.

For the prosecutors-respondents, *Emil M. Wulster.*

For the defendants-appellants, *Charles W. Weleck.*

The opinion of the court was delivered by

FREUND, J.   This appeal is from a judgment of the Su-
preme Court which set aside a resolution of the Board of
Adjustment denying the respondents' application "for an
exception or variance from the terms of the zoning ordinance
to the end that that portion of petitioners' premises now in
the A Zone may be used together with that portion in the
B Zone to the end that garden type apartment dwellings
* * *  may be erected thereon."

The respondents have requested a decision in this matter
prior to June 12th next, stating that a mortgage commitment
to finance the construction of said buildings expires on that
date.

The appellants' original zoning ordinance was adopted in 1923. In 1943, after a study by the local planning board, the ordinance now in effect was adopted and provides *inter alia* for garden type apartments in an area set aside for that specific purpose located about a mile from the lands in question.

The prosecutors' land, whereon they proposed to build garden type apartments, has a frontage of 187.5 feet on the west side of Center Avenue with a depth of 198.75 feet on the north side of the plot and of 230.6 feet on the south side. By the terms of the present zoning ordinance, that portion of the premises which fronts on the westerly side of Center Avenue, for a depth of 100 feet is in the "A" zone which is restricted to one-family dwellings, while the lands in the rear thereof beginning at a line 100 feet west of the westerly side of Center Avenue, are in the "B" zone, which permits apartments but makes no reference to garden type apartments. The prosecutors' building plan contemplated the erection of two-story garden type apartments in a detached "U" formation; the main building would be in the "B" zone wherein apartment houses are permitted and the side structures would extend 70 feet into the "A" zone which is restricted to one-family dwellings. The prosecutors sought a variance of the zoning ordinance so as to permit the erection of garden type apartments within that portion of their lands which is in zone "A."

After hearing arguments for and against the prosecutors' application, the Board of Adjustment adopted a resolution denying the application for the exception on various grounds, among them being that the "refusal to grant an exception under the zoning ordinance will not result in an unnecessary hardship;" "the present zoning restrictions are not unreasonable;" "all the property along Center Avenue is zoned for one-family houses and is classified as District A on the zoning map;" and that prosecutors "failed to show the present zoning restriction is unreasonable, arbitrary or capricious."

On *certiorari*, the Supreme Court set aside the resolution of the Board of Adjustment on the ground that the action in refusing the variance "seems arbitrary and capricious." It is from this determination that the municipality appeals.

This case differs from the usual zoning case in that the land upon which buildings are proposed to be erected, is within two zones; one, in which the structures may be erected and the other, in which they are prohibited. Merely because part of the land is in one zone and part in another, the zones being contiguous to each other, is not a sufficient reason for a variance. In *Visco* v. *Plainfield*, 136 *N. J. L.* 659, the prosecutor's lands were located in two zones. The Supreme Court affirmed the action of the Board of Adjustment, which dismissed the application for an exception on the ground that this was not a sufficient reason to warrant a variance.

Prosecutors acquired the lands in three separate parcels, two parcels having been acquired in 1942 and the third in 1946. All of said lands were zoned from 1923 to 1943 for one-family dwellings. When the property was acquired by the prosecutors, they knew or should have known that all the lands fronting on Center Avenue, now in zone "A," were then zoned for one-family dwellings.

Prosecutors also argue that they could not build one-family houses selling for more than $8,800 due to restrictions of the Civilian Production Administration, although there was proof on behalf of the prosecutors that they could use the land for one-family dwellings selling at $10,000. The proofs show that on July 9th, 1947, the date of the hearing before the Board of Adjustment, the Civilian Production Administration restriction concerning the building of one-family homes for more than $8,800 was no longer in effect. Therefore prosecutors could have used the land for the erection of such one-family dwellings as they contemplated, the obstacle of which they complained having been removed.

It is well-settled law that a Board of Adjustment in considering an application to grant an exception from a zoning ordinance exercises a *quasi*-judicial function, and, in the making of a variance or in the refusal to grant an application for a variance, its power is confined by prescribed standards or rules of conduct. "The power in each instance is to grant variations from the terms of the ordinance consonant with its spirit, and not generally to alter the boundaries of the districts delimited by the ordinance. * * * It is funda-

mental in the statute that the jurisdiction to make 'exceptions' is to be exercised only where, due to special conditions, a literal enforcement of the ordinance would result in 'unnecessary hardship.' " See *Brandon* v. *Montclair,* 124 *N. J. L.* 135 (at *pp.* 140 and 141); *affirmed,* 125 *Id.* 367. The proofs before the Board of Adjustment failed to disclose any evidence of undue hardship.

Prosecutors had the burden of proving that the denial by the Board of Adjustment of the application for a variance was unreasonable and arbitrary. In our judgment they did not carry that burden of proof.

The judgment under reviewed is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.