HOME BUILDERS ASSOCIATION OF NORTHERN NEW JERSEY, PLAINTIFF-RESPONDENT, v. BOROUGH OF PARAMUS, A MUNICIPAL CORPORATION; JOSEPH L. MOSER, BUILDING INSPECTOR OF THE BOROUGH OF PARAMUS; AND THE BOARD OF ADJUSTMENT OF THE BOROUGH OF PARAMUS, DEFENDANTS-APPELLANTS.

Argued June 4, 1951—Decided June 18, 1951.

336

*Mr. Walter T. Wittman* argued the cause for the appellants.

*Mr. James A. Major* argued the cause for the respondent (*Mr. George I. Marcus,* attorney.).

The opinion of the court was delivered by

BURLING, J. This is an appeal from a portion of a judgment of the Superior Court, Law Division, reversing the action of the Board of Adjustment of the Borough of Paramus denying the plaintiff a variance from a zoning ordinance to permit the erection of a commercial building without regard to the setback dictated by that ordinance. The appeal was addressed by the defendants to the Superior Court, Appellate Division, but prior to hearing there, it was certified to us upon our own motion.

The zoning ordinance of the defendant Borough of Paramus was adopted on June 12, 1946. The "Limiting Schedule" annexed thereto and forming a part thereof provided, *inter alia,* that in "E Industrial" districts buildings should have front yards having a minimum depth of 40 feet from the street line and that in the case of a corner lot "all yards that abut a street line shall be deemed Front Yards and shall have the minimum depth prescribed for a Front Yard in the district in which such structure is to be erected."

Plaintiff acquired title to the parcel of land in question on January 27, 1949. This parcel appears to be an L-shaped

corner lot, having a frontage of 50.92 feet along New Jersey State Highway Route No. 4 and a frontage of 150 feet along Mackay Avenue, and is located in the "E Industrial" district of the defendant borough. Plaintiff made its purchase for the purpose of erecting thereon a specific building for showroom and office or meeting rooms. It had knowledge of the provisions of the zoning ordinance and also knew that the building it had in mind could not be erected on the parcel of land it purchased unless it were to be successful in securing a variance permitting it to build the proposed structure within five feet of the Mackay Avenue street line. Notwithstanding this knowledge plaintiff made its purchase.

On March 8, 1949, plaintiff, having applied for a variance to authorize it to erect its building within 25 feet of State Highway Route No. 4 and within five feet of Mackay Avenue, appeared before the board of adjustment to press that application. There was one representative of the plaintiff who presented its appeal and an attorney for a property owner who resisted the same. The board, after consideration of the plaintiff's application, passed a resolution denying the plaintiff the variance it sought, in which resolution it was further resolved "that the Board of Adjustment does hereby modify said appeal to permit the erection, by the applicant, of a structure having a 25 ft. front yard setback from Mackay Avenue," and that the building inspector "is hereby authorized" to grant the applicant a permit for the construction of a building on the premises in question in accordance with the board's order and the requirements of all other applicable ordinances. Plaintiff did not avail itself of the variance thus granted.

Several months later, but prior to April 11, 1950, the plaintiff made a new application for a variance, again requesting permission to locate its building within five feet of the street line of Mackay Avenue. After a hearing before the board of adjustment on April 11, 1950, and a view of the site by the said board on April 12, 1950, the board concluded that the 40-foot setback from Mackay Avenue would constitute a con-

dition of hardship on the owner of the property, the 25-foot variance previously granted would allow reasonable use of plaintiff's lot and a five-foot setback from Mackay Avenue would be definitely detrimental to the general character of the neighborhood. The board thereupon, on April 12, 1950, resolved that the new application should be denied. Notice of this action by the board was communicated to the plaintiff on or about May 4, 1950.

Following the receipt of the notice of the board's action of April 12, 1950, the plaintiff instituted this action by complaint in lieu of the prerogative writ of *certiorari*, filed on June 1, 1950, in the Law Division of the Superior Court. The court, after pretrial order and trial in due course, determined the matter adversely to the plaintiff as to the constitutionality of the Borough's zoning ordinance, and adversely to the defendants as to the granting of the variance sought. Judgment in accord with that determination was filed on January 12, 1951. The defendants appealed from so much of that judgment as was rendered in favor of the plaintiff. The plaintiff entered no appeal from the portion of the judgment upholding the constitutionality of the Paramus zoning ordinance. The defendants' appeal was addressed to the Appellate Division of the Superior Court and while pending there was certified to us upon our own motion as hereinabove stated.

In the questions presented on this appeal, the first point raised by the defendants is that the trial court erred in refusing to consider the effect of the earlier action (*i. e.,* that such earlier action was either dispositive of the matter before the court, or was evidence of the proper exercise of discretion in the later action of the board) of the defendant board of adjustment in granting a variance to permit the plaintiff to build its structure 25 feet from Mackay Avenue (a 15-foot variance from the terms of the ordinance). The trial court rejected defendants' contention on the ground that the board of adjustment in the earlier proceeding had no power under the statute to grant a variance different from

the one sought. In this respect the trial court was in error. The statute, *R. S.* 40:55–39, *subsection c,* as amended by *L.* 1948, *c.* 305, *sec.* 6, in effect (effective August 9, 1948) at the time of the hearing before the board in 1949, empowered the board to authorize "a variance" from the strict application of the zoning ordinance "so as to relieve such difficulties or hardship," *i. e.,* where by reason of exceptional narrowness, shallowness or shape of a specific piece of property at the time of enactment of the zoning ordinance or other extraordinary or exceptional condition of the specific piece of property strict application of the regulation would result in exceptional practical difficulties to, or undue hardship upon, the owner, provided such relief might be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and zoning ordinance. The statute as amended in 1948, *supra,* authorized the board to grant a variance and eliminated the requirement of a recommendation by the board to the governing body of the municipality obtaining under the act prior to the amendment of 1948 where the specific provisions of subsection c were invoked. This was the statute delineating the procedure to be followed by the board at the time of its action in 1949. A further amendment (*L.* 1949, *c.* 242, *sec.* 1) effective in May 1949, after the first determination of the board, merely provided a realignment of the language of *R. S.* 40:55–39 as amended, *supra,* so that the proviso stated in subsection c under the 1948 amendment became applicable to the entire statute (*viz.,* to subsections a, b and d, as well as subsection c of *R. S.* 40:55–39). The power of the board stems directly from the statute. *Duffcon Concrete Products, Inc., v. Borough of Creskill,* 1 *N. J.* 509, 515–516 (1949). At no point in the original statute, nor in the amendments of 1948, 1949, *supra,* is there any phrase indicative of a legislative intent to circumscribe the board's discretionary power and duty by requiring it to either grant or deny *the* variance as applied for. To the contrary, the statute plainly authorizes *a* vari-

342

ance, so as to *relieve* against hardship, *without substantial impairment to the public good or to the intent and purpose of the zone plan.* The disposition of this question is a problem of statutory construction and not one of the general theory of zoning provisions. This is construed to vest in the board of adjustment the discretion to grant such relief as it ·may deem proper under all the circumstances of the matter before it. Compare 8 *McQuillin, Municipal Corporations* (*3d ed.* 1950), *sec.* 25.268, *p.* 504; *Id., sec.* 25.271, *pp.* 514, 515; 58 *Am. Jur., Zoning, sec.* 198, *p.* 1048; *Id. sec.* 214, *p.* 1056.

█ The defendants further argue that the plaintiff, having failed for more than 14 months to appeal the earlier decision of the board of adjustment wherein the board denied the variance sought but granted a lesser variance, may not now be permitted by indirection to review that action merely by the filing of an application for identical relief and the suffering of a denial thereof. There appears in the record before us no semblance of reason for the plaintiff's delay of a year in questioning the board's earlier action. It appears that the grant of the 25-foot variance made by the board in 1949 remains unrevoked, and that the board's action in regard thereto was not appealed. There is no attempt on the part of the plaintiff to show any change in its status nor in the situation or condition of the premises in question, indicative of hardship in the strict application of the terms of the zoning ordinance to an extent not existing at the time of the earlier application in 1949. The plaintiff should not be permitted by indirection to review so much of the decision of the board ·of adjustment of March 8, 1949, as was not acceptable to it. Compare *Sitgreaves v. Board of Adjustment of Town of Nutley,* 136 *N. J. L.* 21 (*Sup. Ct.* 1947) and *Crescent Hill, Inc., v. Board of Allendale,* 118 *N. J. L.* 302 (*Sup. Ct.* 1937). In passing we note our recent rule on this subject, *Rule* 3 :81–15.

█ The plaintiff contends that the trial court properly held that the board of adjustment acted in an arbitrary and

unreasonable manner in refusing to grant the variance sought. We have held that a finding of "unnecessary hardship" to an individual property owner due to "special conditions" is a *sine qua non* to the exercise of the board of adjustment's authority to grant a variance from the terms of a zoning ordinance. And that it is not *per se* a sufficient reason for a variation that the nonconforming use sought is more profitable to the particular landowner. *Lumund v. Bd. of Adjustment of the Borough of Rutherford,* 4 *N. J.* 577, 582, 583 (1950); *Nat. House & Farms Ass'n., Inc., v. Bd. of Adjustment of the Borough of Oakland,* 2 *N. J.* 11 (1949); *Ramsbotham v. Board of Public Works of City of Paterson,* 2 *N. J.* 131 (1949); *Brandon v. Board of Commissioners of Town of Montclair,* 124 *N. J. L.* 135 (*Sup. Ct.* 1940), affirmed 125 *N. J. L.* 367 (*E. & A.* 1940).

Conveyances of land are conditioned by all regulations made in a reasonable exercise of the zoning power. Compare *Collins v. Board of Adjustment of Margate City,* 3 *N. J.* 200 (1949). The plaintiff in this case not only admitted knowledge of the zoning plan and ordinance of the defendant Borough of Paramus, but also admitted that it had caused a structure to be designed for erection on the land it later purchased, the land now subject of this controversy, with the knowledge that such structure could not be located thereon without interference with the aforesaid zoning plan and ordinance. This circumstance weighs heavily against the plaintiff's claim of hardship. The burden of proof upon a claim of hardship devolves upon the landowner who seeks a variance on that ground. The action of the board of adjustment in denying a variance is not to be disturbed absent abuse of discretion. *Lumund v. Bd. of Adjustment of the Borough of Rutherford, supra,* at *p.* 586; *Protomastro v. Bd. of Adjustment of City of Hoboken,* 3 *N. J.* 494, 501 (1950); *Ramsbotham v. Bd. of Public Works of Paterson, supra,* at *p.* 135; *Oliva v. City of Garfield,* 1 *N. J.* 184, 189 (1948); *Lynch v. Hillside,* 136 *N. J. L.* 129, 133 (*Sup. Ct.* 1947), affirmed 137 *N. J. L.* 280 (*E. & A.* 1948); *Peter-*

*son v. Palisades Park,* 127 *N. J. L.* 190, 193 *(Sup. Ct.* 1941); *Dubin v. Wich,* 120 *N. J. L.* 469, 471 *(Sup. Ct.* 1938); *Phillips Oil Co. v. Municipal Council &c., Clifton,* 120 *N. J. L.* 13, 14 *(Sup. Ct.* 1938).

During the course of the trial below the plaintiff produced several witnesses, all but one of whom appear to be closely associated with the plaintiff. These witnesses all testified in general terms that the strict application of the 40-foot setback from Mackay Avenue would constitute a hardship on the plaintiff. One of plaintiff's witnesses admitted that other types of business could use a building 25 feet wide. The other properties in the zone, fronting on Mackay Avenue and on Route 4, were shown, with one exception (a dwelling erected prior to the adoption of the zoning ordinance), to conform to the 40-foot setback provision. It was further admitted that the plaintiff had indicated to the board of adjustment that a compromise of a 10-foot setback would be acceptable. Plaintiff's architect testified that a building 25 feet wide would have commercial uses, particularly for a single store and admitted that he could so design an attractive and desirable type of commercial structure. It was admitted that the 40-foot setback from Route 4 was reasonable and acceptable to the plaintiff. Another of plaintiff's witnesses testified that with a 25-foot setback from Mackay Avenue the property would have commercial uses. Witnesses for the defendant testified that although as applied to the plaintiff's parcel of land the 40-foot setback constituted a hardship, a 25-foot setback would be reasonable for the board to concede; that in all modern industrial areas the setback is 40 feet from the street and that such a setback is reasonable; and that a 25-foot-wide store would have various commercial uses.

Upon the posture of the record before us we find no arbitrary or capricious action nor abuse of discretion by defendant Board of Adjustment of the Borough of Paramus in denying the variance as sought by the plaintiff on the application under review. The plaintiff has not presented a

cause of undue hardship entitling it to build within five feet of Mackay Avenue.

For the reasons above stated, that portion of the judgment of the Superior Court, Law Division, which set aside the action of the defendant Board of Adjustment of the Borough of Paramus denying plaintiff's application for a variance, and that portion of said judgment which granted to the plaintiff the variance applied for and ordered the defendant Joseph L. Moser, building inspector of Borough of Paramus, to issue a building permit to the plaintiff, are hereby reversed, and the action of the defendant Board of Adjustment of the Borough of Paramus is affirmed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.