15 N.J. Super. 554 (1951)
83 A.2d 720
ANNA M.H. BECK, PLAINTIFF-APPELLANT,
v.
THE BOARD OF ADJUSTMENT OF THE CITY OF EAST ORANGE, ESSEX COUNTY, NEW JERSEY, ROBERT T. WHITE, ACTING BUILDING INSPECTOR OF THE CITY OF EAST ORANGE, ESSEX COUNTY, NEW JERSEY, AND ALICE I. WEBSTER, CITY CLERK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 13, 1951.
Decided September 11, 1951.
*557 Before Judges JACOBS, PROCTOR and WAESCHE.
*558 Mr. George A. Brown argued the cause for the appellant (Messrs. Morrison, Lloyd and Griggs, attorneys).
Mr. Walter C. Ellis argued the cause for the respondents.
The opinion of the court was delivered by WAESCHE, J.S.C.
This is an appeal from a judgment entered in the Superior Court, Law Division, affirming the action of the Board of Adjustment of the City of East Orange refusing to recommend to the governing body the grant of a variance in the zoning regulations to permit a structure and use in a district restricted against such structure and use.
The appellant, Anna M.H. Beck, is the owner of a parcel of land and premises situated on the northwesterly corner of North Grove Street and New Street in the City of East Orange. This plot of land has a frontage of 100 feet on North Grove Street, and a frontage of 152 feet on New Street. It is approximately rectangular in shape. The improvements consist of an old 2 1/2-story, frame, one-family dwelling.
The premises are located in a large volume residence zone. In residential zones, motor vehicle service stations and commercial parking of automobiles are prohibited by the zoning ordinance of East Orange.
Appellant applied to the Acting Building Inspector of the City of East Orange for a permit to construct on the aforesaid plot of land a motor vehicle service station, and to use a portion of said plot for the commercial parking of motor vehicles. The acting building inspector, on October 5, 1949, refused to issue the permit because such construction and uses were not permitted by the zoning ordinance. The appellant then appealed to the board of adjustment, but the said board, on December 14, 1949, after a hearing, also refused to grant the permit and dismissed the appeal.
The appellant contends that the refusal to allow her to construct and use the premises for a motor vehicle service station and for commercial parking of motor vehicles is an *559 unreasonable, unwarranted and arbitrary exercise of the police powers pertaining to zoning, and constitutes an unnecessary and unjust invasion of appellant's private property rights.
North Grove Street runs in a general north and south direction. For several blocks north from the premises in question, North Grove Street is in a residential zone. South from the premises in question, North Grove Street is in a residential zone for approximately one block. New Street runs in a general westerly direction from North Grove Street, and is four or five blocks long. New Street is in a residential zone, except for a small area at its westerly end. In fact, the area for several blocks east, north, and west of the premises in question is, in general, a residential neighborhood and zoned for that purpose. The nearest business zone to the premises in question is about one block south of the premises.
Appellant points out, in her brief, that the opinion of the Superior Court, Law Division, affirming the action of the board of adjustment, cites paragraph (c) of R.S. 40:55-39 as containing the statutory authority under which the board of adjustment may grant a variance from the regulations of the zoning ordinance. Whereas, the appellant contends that the board of adjustment, under the facts of this case, could only have acted, and should have acted, pursuant to the authority contained in paragraph (d) of R.S. 40:55-39. The powers given to boards of adjustment by paragraph (c) of R.S. 40:55-39, and those given by paragraph (d) of the said section, are different. Section 40:55-39 of the Revised Statutes was amended by chapter 242 of the Laws of 1949, which amendment took effect May 25, 1949. Paragraph (c) of this section of the statute, as amended, authorizes and empowers boards of adjustment to grant a variance from the limitations and restrictions of a zoning ordinance only when by reason of exceptional narrowness, shallowness or shape of a specific piece of property at the time of the enactment of the ordinance, or by reason of exceptional topographic conditions or other extraordinary and exceptional situation or condition *560 the strict application of any regulation would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner of the property. Paragraph (d) of section 40:55-39, as amended, authorizes and empowers boards of adjustment, in particular cases and for special reasons, to recommend to the governing body of the municipality the granting of a variance to allow a structure or use in a district restricted against such structure or use. Whereupon the governing body may grant the variance.
However, said section 40:55-39, as amended, provides that:
"No relief may be granted or action taken under the terms of this section unless such relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance."
The above provision in section 40:55-39, as amended, is applicable to the entire section, viz., to paragraphs (a), (b), (c), and (d) of the said section. The powers of a board of adjustment stem directly from the statute, Home Builders Ass'n. of Northern N.J. v. Borough of Paramus, 7 N.J. 335 (1951).
Therefore, a board of adjustment may recommend to the governing body of the municipality the granting of a variance, in particular cases and for special reasons, without a finding that the particular zoning regulation results in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner of the property, provided, however, the relief recommended can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and the zoning ordinance.
The statute is in keeping with the principle that no zoning restriction is valid if it does not have a tendency to promote the public health, public safety, or general welfare of the community, Oliva v. City of Garfield, 1 N.J. 184 (1948), Brandon v. Montclair, 124 N.J.L. 135 (Sup. Ct. 1940), affirmed 125 N.J.L. 367 (E. & A. 1940), and that a *561 variance to a zoning regulation may be granted to correct maladjustments and inequities in the operation of the general regulation, consistent with the intent and purpose of the ordinance. Visco v. Plainfield, 136 N.J.L. 659 (Sup. Ct. 1948). In the case of United Advertising Corp. v. Maplewood, 136 N.J.L. 336 (Sup. Ct. 1947) the court said:
"The proper function of boards of adjustment is, through their power, to grant variances, to give relief from such consequences and thus to forestall and prevent an unwarranted invasion of the right of private property."
The right of a private individual to possess and own real property, and the right to use it according to the owner's wishes or desires are among the inalienable rights which are protected and preserved for him and his posterity by the Constitution of the United States and of the several states. In a large measure, we attribute our progress and prosperity as a nation to the freedom of use of privately owned property. It is, therefore, also in the public interest that an owner of real property be permitted to use his property as he, the owner, sees fit, provided such use is not contrary to the public good.
In the case of Reimer v. Dallas, Mayor, 129 A. 390 (Sup. Ct. 1925) our New Jersey Supreme Court said that, "The right to deal with one's property as the owner chooses, so long as the use harms nobody, is a natural right and one guaranteed by our state and federal Constitutions."
In the case of General Outdoor Advertising Co., Inc., v. Department of Public Works, 289 Mass. 149; 193 N.E. 799, (Sup. Jud. Ct. Mass. 1935), the Supreme Judicial Court of Massachusetts said that, "The right to own land and to use it according to the owner's conception of profit in the main is a part of the liberty secured to the individual under the Constitution; * * *."
In the case of 2700 Irving Park Bldg. Corp. v. City of Chicago, 395 Ill. 138; 69 N.E.2d 827, (Sup. Ct. Ill. 1946) the Supreme Court of Illinois said that, "The right of every *562 owner of property to use it in his own way and for his own purposes existed before the adoption of the constitution, and is guaranteed by that instrument."
In the case of Knoxville v. Water Co., 212 U.S. 1, 53 L.Ed. 371, the United States Supreme Court said that, "Our social system rests largely upon the sanctity of private property; and that state or community which seeks to invade it will soon discover the error in the disaster which follows."
However, these constitutional guarantees of the right of property must yield to the common good and general welfare, State Board of Milk Control v. Newark Milk Co., 118 N.J. Eq. 504 (E. & A. 1935), Collins v. Board of Adjustment of Margate City, 3 N.J. 200 (1949). Therefore, any zoning restriction or limitation upon the use of real property which does not tend to promote the common good and general welfare is invalid, and, in all such cases, boards of adjustment have the power to recommend to the governing body a variance from such zoning regulation, and it makes no difference whether it appears from the evidence or whether the board of adjustment finds that such a restriction or limitation results in exceptional and undue hardship upon the owner of the property.
The appellant's property is located in a residential district, and zoning regulations which prohibit motor vehicle service stations in residential districts have been upheld by our courts. In the case of Salisbury v. Ridgefield, 137 N.J.L. 515, (Sup. Ct. 1948) the court said that the prohibition of motor vehicle service stations in residential districts is in no sense arbitrary or unreasonable. Furthermore, the validity of the provisions of the zoning ordinance prohibiting motor vehicle service stations in residential zones is not challenged, Ramsbotham v. Board of Public Works, Paterson, 2 N.J. 131 (1949); Lumund v. Board of Adjustment of the Boro of Rutherford, 4 N.J. 577 (1950).
The restriction in the zoning ordinance against motor vehicle service stations is applicable to all land in residential districts. "An application for permission to put property *563 zoned as residential to a non-conforming use is properly denied where the conditions which render the applicant's property unsuitable for residential use are general and not confined to such property, the remedy being by revision of the general regulation and not by granting the special privilege of a variation to single owners." 58 Am. Jur., Zoning, sec. 204, p. 1051. The statute, R.S. 40:55-39, as amended L. 1949, c. 242, provides that a board of adjustment may recommend "in particular cases and for special reasons" the granting of a variance, provided the relief can be granted without substantially impairing the intent and purpose of the zoning ordinance. This means, among other things, that the circumstances affecting the land in question must be unique as distinguished from conditions that affect the whole neighborhood, Ramsbotham v. Board of Public Works, Paterson, supra; Stolz v. Ellenstein, 7 N.J. 291 (1951).
The evidence does not show that the conditions affecting the appellant's land are different from conditions that affect the whole residential district in which her land is located. And a court may not substitute its judgment for that of the local board of adjustment within that body's sphere of action, unless the action taken is an abuse of discretion. Ramsbotham v. Board of Public Works, Paterson, supra, Home Builders Ass'n. of Northern N.J. v. Paramus Boro, supra, Oliva v. City of Garfield, supra. The action of the board of adjustment here under review does not appear to us to be arbitrary, capricious, or unreasonable.
At the hearing of this matter before the Superior Court, Law Division, appellant offered evidence to prove that subsequent to appellant's application and hearing before the board of adjustment other owners of real property were granted variances which permitted them to use their land located in a residential zone for commercial parking of motor vehicles. If the facts in those other cases were comparable to the facts in the case we are now considering, we think the evidence might have been material and relevant. Zoning regulations in a particular district must be uniform. Potts v. *564 Board of Adjustment of Princeton, 133 N.J.L. 230 (Sup. Ct. 1945), Collins v. Board of Adjustment of Margate City, supra. They cannot be used to grant special privileges to one and deny them to others. However, it appears that in these other cases the variance was only to use the land for commercial parking. In this case, the appellant seeks to use the land for commercial parking and also to construct and to use it for a motor vehicle service station. The other cases are, therefore, not in point.
The judgment under review is affirmed.