18 N.J. Super. 36 (1952)
86 A.2d 613
GEORGE B. WARD, PLAINTIFF,
v.
DONALD H. SCOTT, MAYOR, ET AL., CONSTITUTING THE TOWN COUNCIL OF THE TOWN OF BLOOMFIELD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; HOWARD WEIKEL, ET AL., CONSTITUTING THE BOARD OF ADJUSTMENT (ZONING) OF THE TOWN OF BLOOMFIELD; BROOKS C. MARTIN, BUILDING INSPECTOR OF THE TOWN OF BLOOMFIELD; AND LIGHAM CONSTRUCTION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 30, 1952.
*37 Messrs. Riker, Emery & Danzig (Messrs. Everett M. Scherer and George H. Callahan, appearing), attorneys for plaintiff.
Mr. Thomas J. Markey, attorney for defendants Donald H. Scott, mayor, et al., constituting the Town Council of the Town of Bloomfield; Howard Weikel, et al., constituting the Board of Adjustment (Zoning) of the Town of Bloomfield; and Brooks C. Martin, Building Inspector of the Town of Bloomfield.
Messrs. Lorentz & Stamler (Mr. Fred A. Lorentz, appearing), attorneys for defendant Ligham Construction Company.
*38 WILLIAM A. SMITH, J.S.C.
This is a zoning case brought by an objecting property holder to review and set aside a variance granted by the Town Council of the Town of Bloomfield on the recommendation of the board of adjustment for a variance as to the structure and use of certain property, acting pursuant to the statute, R.S. 40:55-39(d). The provision of the statute applicable permits the granting of a variance to allow a structure or use in a district restricted against such structures and uses in particular cases and for special reasons.
The proceedings grow out of a housing development known as Hearthstone Village, promoted by one Saul T. Ligham through a corporation known as Economy-Built Homes Corporation on property known as the Van Riper Farm, which property was purchased by that corporation by deed dated October 25, 1949, which is in evidence.
The tract contains 84 lots, exclusive of the property which is the subject of the variance. The development is shown upon a map entitled "Hearthstone Village, Property of Economy-Built Homes Corporation, Bloomfield, N.J., dated February 1, 1950, Theodore R. Freund, Surveyor." This map is marked exhibit P-1 in evidence. It includes the part of the property subject to the variance and has endorsed upon it the approval of the Planning Board of the Town of Bloomfield under date of February 14, 1950, and acceptance by the Town Council of the Town of Bloomfield as of February 20, 1950.
The tract in question is located on the east side of Broad Street, Bloomfield, just north of Watchung Avenue. The property which is the subject of the variance is a tract of land which on its southerly line runs along the properties fronting on Watchung Avenue, running east from Broad Street, these properties for a considerable distance being about 100 feet in depth. The property in question lies close to the intersection of Broad Street and Watchung Avenue, and narrows sharply into a triangle, having a frontage of 450 feet on the east side of Broad Street, a depth of 423 feet *39 on its northerly boundary, and on the third side running along the rear of the properties fronting on the north side of Watchung Avenue for a distance of approximately 600 feet. An 84-feet portion of the property, which is nearest the intersection of Broad Street and Watchung Avenue, is already located in a medium-volume business zone on which, at the present time, there is located a fruit, vegetable and flower market known as the White Way Stand. Adjacent thereto but not on lands of the defendant, Ligham Construction Company, there exists a diner, and on the corner of the intersection, a gasoline station.
The proposed layout for the improvement of the property, for which the variance was granted, is shown on a map dated April 12, 1950, and entitled "Proposed Broad Street Business & Parking Area, Property of Ligham Construction Company" and is marked exhibit P-2 in evidence.
Just previous to the application for the permit for the improvement of the property in question, the Economy-Built Homes Corporation conveyed the property which has just been referred to to the Ligham Construction Company which is also controlled by Mr. Ligham. That company is a defendant in this action, and the plaintiff in this action, George B. Ward, is the owner of premises on Highfield Road which runs off the westerly side of Broad Street, opposite the proposed parking area which is to be developed under the variance. The Ward property is the second one in from Broad Street.
It is stipulated in the pretrial order that Saul T. Ligham is an officer and representative in this action of the Ligham Construction Company and the Economy-Built Homes Corporation, and that he is the active agent for the development of the property owned by the two corporations.
The proposed development under the variance is to construct a large building for stores fronting on Broad Street on the 87 feet in the business zone and 252 feet additional in the adjacent zone which is restricted to one-family houses. The building, with a setback line of 15 feet from the street, will *40 have an 85-feet front and will be 100 feet deep in part for use as a supermarket and 65 to 75 feet deep for other prospective stores. Next to the building a 110-feet driveway will lead from Broad Street to the back of the stores to a surfaced parking area which will accommodate 120 cars for patrons of the stores, in accordance with a municipal ordinance requiring off-street parking facilities for such construction. Adjacent to the driveway and the parking area and between said area and the first group of houses under the development which lies to the north, there will be a 10-foot buffer zone of trees to shield the business area from said houses. Adjoining the property on the other side, which is the property fronting on Watchung Avenue, there are houses as well as the Watchung Presbyterian Church to which the defendant corporation has conveyed a strip of land in the defendant's proposed development, which strip is 25 feet by 200 feet, for the construction of an addition to the church, and the congregation will be permitted the use of the parking area.
The intersection to the southwest of the defendant corporation's property from Watchung Avenue southwest on Broad Street is intensely developed on both sides for a considerable distance as a business center. The intersection itself is a busy one, Watchung Avenue being a main highway running from Montclair to Nutley and Broad Street being one of the two main streets in Bloomfield, running through the center of Bloomfield northerly towards Paterson and Clifton. The traffic is heavy on both of these highways.
It is quite evident that it is contemplated not only by the Ligham Construction Company but by the authorities of the Town of Bloomfield as well that the development of Hearthstone Village and the further development of homes to the north and east will tax the facilities of the present business center and will cause more parking and congestion, and that the stores contemplated will facilitate the service to the growing development and will permit of a needed off-street parking area.
*41 It appears that it is not feasible economically to construct one-family houses on the property owned by the Ligham Construction Company, and in developing the property for business a supermarket with off-street parking is advisable as the most economical use of the property. Because of the business character on the corner of Broad Street and Watchung Avenue which adjoins the property on the south, there is a severe detriment to building single-family houses on the tract facing on Broad Street. It is quite evident that the governing body of the Town of Bloomfield considered the proposed development as a very desirable one.
The defendant, Ligham Construction Company, on obtaining its deed dated April 27, 1950, became the owner of the property upon which the variance has been granted and on that date made application to the defendant, Brooks C. Martin, Building Inspector of the Town of Bloomfield, for a permit for the erection of the building and for permission to use the balance of the tract for a parking area in connection with a commercial building. A copy of this application is attached to the complaint.
The variance asked for is to permit the erection and construction of a commercial building and use for a parking lot for 120 cars on vacant land upon the tract in question. Due notice of the application was given to the proper parties concerned and a hearing had on said application before the Board on June 8, 1950. The transcript of the hearing is in evidence.
Following the hearing by the board of adjustment, it, by a resolution adopted at its meeting held on June 8, 1950, found as a fact that "by reason of the proximity of other commercial buildings to the lands and premises in question, * * * exceptional circumstances are present justifying said relief and that granting said relief will not be a substantial detriment to the public good and will not impair the intent and purpose of the Zoning Ordinance" and that the application should be allowed. The board further resolved that it "recommend to the Town Council of the Town of *42 Bloomfield that Ligham Construction Company be granted permission to erect a commercial building upon premises 1029-1129 Broad Street, Map 39, Lot 79, Block 1082, and to use property to the side and rear thereof for a parking area for 120 cars, all according to the sketches and diagrams on file."
The recommendation was presented to the Town Council of the Town of Bloomfield and a hearing was held by the Town Council of the Town of Bloomfield on June 19, 1950, the minutes of which are in evidence. On June 19, 1950, the town council by resolution, after reciting the recommendation of the board of adjustment as to the variance to be granted, resolved as follows: "That the recommendation of the said Board of Adjustment (Zoning) above mentioned be and the same is hereby approved, and the Building Inspector is hereby directed to issue a permit as requested in said appeal." Copy of that resolution is attached to the complaint and considered in evidence.
Following the passage of the resolution of the Town Council of the Town of Bloomfield, the present action was brought and no further proceedings under the resolution have been taken pending the determination of this action.
The case has been pretried and the parties at the pretrial conference contemplated submitting the case on the exhibits, and arrangements were made for a further appearance before the court, the introduction of the exhibits and the argument. The parties appeared before the court on December 7, 1951, and the minutes of the proceedings in open court, which have been filed as part of the record, show that the case was submitted with additional exhibits, and the court took the case under advisement on the briefs already submitted and additional ones to be submitted.
From the evidence before the board of adjustment, which includes their knowledge of the physical conditions and which physical conditions are to a considerable extent portrayed by the photographs and maps in evidence, it appears that they were justified in finding special circumstances *43 to warrant the granting of the variance requested, and that not to grant the variance would be an undue hardship on the defendant corporation. For the same reason, the town council was justified in approving the variance.
The plaintiff claims that there was no finding in this case by the municipal bodies of undue hardship and that it is necessary that there be such a finding. I know it has been considered that undue hardship must be established in order to grant a variance. I question the necessity of this, however, in view of the decision in Beck v. Board of Adjustment of City of East Orange, 15 N.J. Super. 554, 83 A.2d 720 (App. Div. 1951). But, assuming that it is necessary to establish undue hardship, as I do in this case, I do not consider it necessary for the board of adjustment or the town council to make a specific finding of undue hardship when the facts justify such a finding.
There is no statutory requirement that such a finding be made. What is required by the wording of the present act is that in a particular case a variance may be granted for special reasons. This the board of adjustment found and the town council approved, and such a finding would embrace undue hardship. As I have stated, there are sufficient facts in the record to warrant such a finding. The authorities in this State, when necessary, will recognize power in the municipal bodies to make a finding at any time and even send the case back for such a finding. I have concluded from the record that the municipality did think that this was a case of undue hardship.
The action of the municipal bodies authorizes the exercise of discretion and the court should not interfere with this exercise of discretion where there is proof to justify its exercise unless there is an abuse of discretion, and I find from the proof in this case that I would not be justified in finding any abuse of discretion on the part of the municipal bodies. The relief, of course, should not be granted, or action taken by the respective governing bodies, unless the relief can be granted without substantial detriment to the *44 public good and will not substantially impair the intent and purpose of the zoning plan and zoning ordinance, as is required by R.S. 40:55-39, but the proof justifies a finding that the variance can be granted without substantial detriment to the public good and it will not substantially impair the intent and purpose of the zoning plan and zoning ordinance. It is quite evident from the evidence in the case that the Town of Bloomfield thought that the improvement in question was for the betterment of the public good and it can hardly be considered that it would substantially impair the purpose of the zoning plan and ordinance, it being borne in mind that this variance is only an extension of a business zone to a fixed line where the residential zone is developed, without any objection from that part of the residential zone adjacent to the development on the north.
Judgment of dismissal will be entered in favor of the defendants with costs.