65 N.J. Super. 498 (1961)
168 A.2d 246
WATERFRONT COMMISSION OF NEW YORK HARBOR, RESPONDENT,
v.
JOSEPH PASQUALE, APPLICANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1961.
Decided February 15, 1961.
*499 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Robert A. Pin argued the cause for respondent.
*500 Mr. Edward J. Liguori argued the cause for appellant (Mr. Frank A. Musto, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
On June 1, 1960, respondent Waterfront Commission of New York Harbor (hereinafter referred to as the Commission) denied Joseph Pasquale's third petition for reconsideration and for leave to reapply for registration as a longshoreman and a checker. Pasquale appeals.
The Commission was created by acts of New Jersey and New York. (N.J.S.A. 32:23-1 et seq.; McK. Unconsol. Laws, § 6700-aa et seq.) pursuant to a compact entered into between the two states with the consent of Congress. The function of the Commission under the compact is to regulate the conditions under which waterfront labor is employed within the Port of New York District for the purpose of eliminating racketeering and other criminal activities therein. A discussion of the waterfront conditions which led to the making of the compact and the creation of the Commission is set forth in Hazelton v. Murray, 21 N.J. 115 (1956).
The Waterfront Commission Act, as amended, N.J.S.A. 32:23-1 et seq., provides for the establishment of a longshoremen's register by the Commission and prohibits any person from being employed as a longshoreman in the Port of New York District unless he is registered as such by the Commission. Also, under the act no person shall be employed as a checker unless he is included in the longshoremen's register as a checker. The act provides that registration may be revoked, inter alia, for:
"(1) Conviction of any crime or offense in relation to gambling, bookmaking, pool selling, lotteries or similar crimes or offenses if the crime or offense was committed at or on a pier or other waterfront terminal or within 500 feet thereof; * * *." N.J.S.A. 32:23-93
In the present case the facts are as follows. In 1954 Joseph Pasquale applied for and was granted registration *501 as a longshoreman. His application to the Commission disclosed that he had been convicted of "False Pretense, 1945, Hudson County, 3 years probation." (The actual date of the conviction is July 28, 1948.) In 1957 Pasquale applied for registration as a checker and was granted temporary registration.
In August 1958 Pasquale was arrested by the State Police and charged with possession of slips bearing mutuel race horse policy plays. Pasquale was found guilty of the charge in the Municipal Court of Hoboken on September 18, 1958.
On September 26, 1958, on the initiative of the Commission and on notice to Pasquale, a hearing was had on his fitness for registration as longshoreman and checker, and on January 28, 1959, by order of the Commission, Pasquale's application for registration as a checker was denied, his temporary registration as such was revoked and annulled, and his name was permanently removed from the longshoremen's register.
As a basis for its order the Commission adopted findings which referred to Pasquale's 1948 conviction of obtaining money by false pretenses and his 1958 conviction of possession of race horse policy play slips, the slips being characterized as "collector's slips." The latter offense, the Commission found, was committed within 500 feet of a waterfront terminal in violation of N.J.S.A. 32:23-93(1), supra. The Commission determined "that by virtue of the aforesaid conduct and convictions" Pasquale did not possess the good character and integrity required for checker registration under the act, and that his presence at the piers and waterfront terminals constituted a danger to public peace and safety within the meaning of the act. Pasquale did not appeal the Commission ruling.
In June 1959 Pasquale petitioned the Commission for reconsideration of its action, which petition was denied by Commission order dated July 16, 1959. No appeal was taken from this ruling.
*502 In January 1960 Pasquale again petitioned the Commission for reconsideration of its ruling, and on March 9, 1960 the petition was denied. No appeal was taken from this ruling.
Pasquale then applied to the Hudson County Court, Criminal Division, under N.J.S. 2A:164-28 to have the record of his 1948 conviction of obtaining money under false pretenses expunged, and on May 6, 1960 an order was entered directing the clerk of the court to expunge from the records all evidence of said conviction.
On May 10, 1960 Pasquale again petitioned the Commission for reconsideration of its decision, this time on the ground that the 1948 conviction was now expunged from the records. An interview was granted Pasquale by the Commission, during which he testified, under oath, in behalf of his application. On June 1, 1960 the Commission denied the petition without stating its reasons for such action. Pasquale appeals from the June 1, 1960 ruling.
In his brief Pasquale argues that the Commission's original order of January 28, 1959 was erroneous as were the orders of July 16, 1959, March 9, 1960 and June 1, 1960, respectively, denying his petitions for reconsideration. However, the notice of appeal is directed only to the June 1, 1960 order, and if Pasquale is attempting to appeal from these earlier orders, he is out of time. R.R. 1:3-1(b). The petitions for reconsideration did not reinstate a right of appeal from the original order. Cf. Home Builders Assn. of Northern N.J. v. Borough of Paramus, 7 N.J. 335, 342 (1951). Therefore, the only part of Pasquale's argument to be considered is that which urges error in the June 1, 1960 denial of his petition for reconsideration.
As to this order Pasquale argues that the Commission did not give him an opportunity to be heard or to present witnesses, nor did the Commission give any reason for its action. It is also argued that the Commission failed to take into consideration or give lawful effect to the expungement of the 1948 conviction.
*503 In the present case, under the circumstances presented, we find that the Commission did not act improperly in ruling on Pasquale's petition for reconsideration without holding a formal hearing thereon. Pasquale was granted an interview by the Commission and he was permitted to testify under oath in support of his latest application. Pasquale never requested a more formal hearing, and he presented no factual issue to be resolved. The petition merely informed the Commission that the record of Pasquale's 1948 conviction had been expunged by court order and asked that the Commission reconsider its original decision because of this fact. No hearing was required on this point because the Commission had all of the facts before it.
Nor was it necessary under the circumstances for the Commission to formally announce reasons for its dismissal of the petition, since the basis for such action was perfectly obvious from the record. The fact that Pasquale had the record of his 1948 conviction expunged did not require the Commission to change its original ruling. Furthermore, Pasquale's 1958 gambling conviction was the principal reason for the Commission's action and was itself sufficient to bar him from registration as a longshoreman or checker.
A review of the entire record satisfies us that the Commission's action was proper and should not be disturbed.
The propriety of the order expunging the record of the 1948 conviction is not directly before this court on the present appeal. However, it is to be noted that an examination of the record of that proceeding shows that while the petition for expungement of the 1948 conviction recited that Pasquale had been convicted in 1958 of a violation of N.J.S. 2A:170-18, and that he had been "dismissed summarily" from his employment by the Waterfront Commission of New York Harbor, at the hearing before the County Court on the application Pasquale testified that since 1948 he had been employed on the piers and had not been convicted of any crime. In answer to a question by the court as to whether he had been involved in any criminal affairs *504 in either the state, county or federal courts, Pasquale answered "No, sir." The court then asked Pasquale's wife if she knew of any criminal involvement that he had been in since 1948 and received the same answer. The assistant prosecutor appearing for the State participated only to the extent of telling the court that the prosecutor's office had no objection to whatever order the court might make. It is obvious from the foregoing that the County Court was not informed of all of the pertinent facts.
The expungement act, N.J.S. 2A:164-28 requires that a copy of the order for hearing be served on the prosecutor of the county and the chief of police or other executive head of the police department of the municipality wherein the crime was committed. This provision affords the law enforcement authorities an opportunity to be heard and is for the protection of the public interest. The statute plainly requires such public officials to bring to the attention of the court all pertinent information they may have regarding the petitioner and the merits of the petition.
Affirmed.