CONCORD DEVELOPMENT COMPANY, INCORPORATED, PROSECUTOR, v. THOMAS J. DOWLING, INSPECTOR OF BUILDINGS OF THE CITY OF ORANGE, NEW JERSEY, AND BOARD OF ADJUSTMENT OF ORANGE, NEW JERSEY, AND THE CITY OF ORANGE, NEW JERSEY, RESPONDENTS.

Decided June 8, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *William Tyacke.*

For the respondents, *William A. Calhoun.*

PER CURIAM.

The prosecutor is the owner of certain land situate at the northeast corner of Lincoln avenue and Berwick street, Orange, New Jersey. He applied to the building inspector of that city for a permit to build a four-story apartment house on the land in question. A permit was refused on the ground that the location of the land was in residence "A" zone. Application was then made to the board of adjustment for a modification of the provisions of the building zone ordinance, so as to permit the erection of the apartment house on the said land. Notice of the application having been given and a hearing being had thereon, August 25th, 1927, the application was denied on the grounds that "the structure would be only a short distance from Tremont school on Lincoln avenue where tuition in said school is confined to the lower grades, being largely attended by small children whose safety might be endangered by automobile traffic and parking and because proposed building would lack light and air space, occupying the entire width of lot and setting back but ten feet from Lincoln avenue and being placed but seven feet from the rear line of property, in the judgment of this board, the lot being forty feet in width and one hundred and twenty-five feet in depth, is too small for the erection of a building to house twenty-four families.

On the hearing the only witness sworn on behalf of the prosecutor was Erwin Gerber, an architect, who had prepared the plans for the proposed building, and he, upon being asked

by counsel of prosecutor if the erection of the building would involve the welfare, health and safety of the locality, answered "No." According to the record no other testimony was offered or given.

As has been repeatedly stated in like cases which have come before this court for adjudication, we again reiterate that the board of adjustment in deciding such applications sits and acts in a judicial capacity, and its determination on questions of fact is a finality unless it clearly appears that its action has been arbitrary.

It is to be observed that the answer of the prosecutor's witness was a general one, and was a mere conclusion based upon undisclosed facts. It was simply an opinion, and had no probative value, since there was no basis laid upon which an opinion could be properly predicated.

We have frequently said that the burden of establishing that a restrictive ordinance is unreasonable is upon the party assailing the validity of the ordinance, and as there were no facts before the board indicating in what respect the ordinance was unreasonable, there was no other course for the board to pursue than to deny the modification of the ordinance.

The writ, therefore, is dismissed, but without costs.