JOHN R. BRANDON, MARY GORDON DeFOREST AND HELEN W. SOMERS, PROSECUTORS-RESPONDENTS, v. THE BOARD OF COMMISSIONERS OF THE TOWN OF MONTCLAIR, THE BOARD OF ADJUSTMENT OF THE TOWN OF MONTCLAIR, JOHN PICKEN, BUILDING IN-SPECTOR OF THE TOWN OF MONTCLAIR, HENRY R. KENT AND MAUDE D. KENT, DEFENDANTS-APPEL-LANTS.

Argued May 23, 1940—Decided October 10, 1940.

For the Board of Commissioners and Board of Adjustment of the town of Montclair and John Picken, *George S. Harris.*

For Henry R. Kent and Maude D. Kent, *Samuel Rosenblatt*.

For the prosecutors-respondents, *Pitney, Hardin & Skinner* (*Corwin Howell*).

The opinion of the court was delivered by

BODINE, J. The facts in this case clearly appear in Mr. Justice Heher's opinion in the Supreme Court. In short, it was proposed to build garden apartments in a district zoned for one-family dwellings. The prosecutors contend that the site, because of its location, is unusable for one-family residences, even if subdivided. Boards of adjustment may make variances in appropriate cases (*R. S.* 40:55-39), but only upon judicial findings within the terms of the statutes, and may not permit a variance without a finding of valid reasons. *Fonda* v. *Donohue,* 109 *N. J. L.* 584.

*R. S.* 40:55-39, subdivision c. authorized variances in specific cases, not contrary to public interest, when otherwise there would be an unnecessary hardship subject to limitations as to proximity of a district where such use could be had. Subdivision d. removes the limitation as to proximity but it is not to be read without the requirements of subdivision c. *Dannenbaum* v. *Board of Adjustment,* 123 *N. J. L.* 439.

In the case before us the recommendation of the Board of Adjustment and the resolution of the municipal body are silent as to any finding of public interest and unnecessary hardship to the landowner if the variance were not granted. The rule that judicial findings must be made by *quasi*-judicial bodies, where the proofs support them, is a wholesome one. In the first place if so made the variance would have been final in the absence of fraud or other abuse. *Concord Development Co.* v. *Dowling,* 6 *N. J. Mis. R.* 552; *Aschenbach* v. *Inhabitants of City of Plainfield,* 121 *N. J. L.* 598.

Before the Board of Adjustment can act it must find necessary jurisdictional facts required by the statute. *R. S.* 40:55-39; *United States* v. *Baltimore and Ohio Railroad,* 293 *U. S.* 454.

Judicial action can seldom be arbitrary, capricious or fraudulent if the reason for its exercise appears of record.

The judgment appealed from is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—None.