ARMAN SARAYDAR, PROSECUTOR, v. BOARD OF COMMIS-
SIONERS OF THE CITY OF NEWARK, RESPONDENT.

Submitted January 19, 1944—Decided March 22, 1944.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Harkavy & Lieb.*

For the respondent, *Philip J. Schotland (Joseph A. Ward,* of counsel).

The opinion of the court was delivered by

PORTER, J. This is an application for a writ of *certiorari* in a zoning case. The prosecutor conducts a public automobile garage and service station in his building at 277-285 Garside Street, Newark. The premises are in what is called in the zoning ordinance a "third residential zone" in which public garages and warehouses are prohibited uses. On or about January 6th, 1927, on application of the owner a variance from the residential zoning restriction was granted for the construction of a public garage, which has ever since been operated there. For economic reasons the prosecutor now desires to discontinue the garage business and lease the premises for use as a warehouse for the storage of groceries and canned food products and fifteen one and one-half ton automobile trucks to be operated from there in the distribution of said food products. His appeal for a variance from the terms of the zoning ordinance so as to permit the use of the premises as a warehouse was refused by the building

department and on appeal to the Board of Adjustment was approved.

Such approval or recommendation to be effective must be approved by the Board of Commissioners. *R. S.* 40:55–39. This approval was refused by the Board. It held two public hearings at which it heard reasons both in favor of and against approving the recommendation of the Board of Adjustment.

The prosecutor has the burden of showing that the Board's refusal to grant the permission was either illegal in law or unreasonable in fact. The exercise of its power may not be set aside except upon adequate grounds. We perceive none. We find nothing in the record to indicate that the judgment of the Board was arrived at in an unfair, capricious or arbitrary manner. *Cf. Shaiman v. Mayor, &c., of Newark,* 15 *N. J. Mis. R.* 437; *Essex Investment Co. v. Board of Commissioners of Newark,* 14 *Id.* 181.

We conclude that there is presented no question of law or fact in dispute which requires review.

The writ of *certiorari* is denied.