ALBERT R. BERDAN AND CLYDE D. RICHARDSON, PROSECUTORS, v. CITY OF PATERSON, BOARD OF PUBLIC WORKS OF THE CITY OF PATERSON, THE BOARD OF ADJUSTMENT OF THE CITY OF PATERSON, WILLIAM BYRNES, BUILDING INSPECTOR OF THE CITY OF PATERSON, AND ANCO PRODUCTS CORPORATION, DEFENDANTS.

Argued May 6, 1948—Decide June 21, 1948.

Before Justices Donges, Colie and Eastwood.

For the prosecutors, *Charles Halsted.*

For the defendants City of Paterson, &c., *John M. Ward*
and *George Surosky.*

For the defendant Anco Products Corporation, *Morris
Pashman.*

The opinion of the court was delivered by

Eastwood, J. A writ of· *certiorari* was allowed prosecu-
tors to review the proceedings of the Board of Adjustment
of the City of Paterson, whereby a variance for a non-
conforming use was granted defendant, Anco Products Cor-
poration, for the conduct of a heavy industrial machine shop
in its building and premises located at 911-927 East Twenty-
third Street, in the City of Paterson aforesaid; said prem-
ises being in a district classified as "B" residential, as set
forth in the building and zoning ordinance of the City of
Paterson. At the termination of the formal hearing held by
the Board of Adjustment, it filed a written opinion of its
conclusions and, among other things, stated:

*"Conclusion:* From the testimony adduced at the hearing
it was established that the main use of the Building and
premises prior to and for some time thereafter the making
and enactment of the Zoning Law in 1921 was Textile Manu-
facturing a light industrial use. This then establishes the
maximum degree of non-conformity under which this build-
ing and premises may continue to operate in accordance with
the Zoning Ordinance of the City of Paterson. The evidence
shows that for many years after the adoption of the ordinance
various uses were in operation at one time or another on these
premises (A textile plant, a yarn clearing house, an aircraft
body company and a rayon plant) the original and subsequent
uses are allowable in a light industrial zone providing they
are not noxious or offensive by reason of the emission of odor,

dust, smoke, gas or noise. The existing use is a heavy industrial one and its proper classification is a machine shop. This is quite different from any of the prior uses and it is not allowed in a Light Industrial Zone. Section V, subdivision 15 (iron, steel, brass or copper works or foundry) subdivision 39."

It will be observed that the Board of Adjustment concluded that the application for said variance was not justified.

It also appears that the defendants have not established a case of unnecessary hardship. Nor did the Board of Adjustment, in its findings, conclude that to deny the owner's application "would constitute an unnecessary and unjust invasion of the fundamental right of property." *Scadulo* v. *Bloomfield*, 127 *N. J. L.* 1.

The determination of the Board of Adjustment of the City of Paterson is accordingly set aside, with costs.