NATIONAL HOUSE & FARMS ASS'N, INC., PROSECUTOR-RESPONDENT, v. BOARD OF ADJUSTMENT OF BOROUGH OF OAKLAND, RESPONDENT-APPELLANT.

Argued March 21, 1949—Decided April 4, 1949.

12

*Mr. James M. Muth* (*Messrs. Weber & Muth*, attorneys), argued the cause for the appellant.

*Mr. Atwood C. Wolf* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J.   This is an appeal from the judgment of the former Supreme Court setting aside a resolution of the Board

of Adjustment of the Borough of Oakland in the County of Bergen, which resolution denied the application of respondent for a variance from the zoning ordinance of the borough.

The ordinance in question, No. 88, was adopted in 1931. Six years thereafter, in 1937, respondent obtained title to approximately 700 acres of land in the borough, which land at that time consisted mainly of farms and open fields, all of which was, and is, in a zone denominated in the zoning ordinance as a Primary Residence District. This land was subdivided into lots and conveyed to individual grantees with the exception of certain portions which were retained by respondent for the common use and benefit of all grantees, the obvious intent being to create a restricted summer resort. Located upon the property are two lakes, one of which, known as Crystal Lake, is involved in this application. Bath and swimming privileges in these lakes are reserved for the exclusive use of property owners within the development and their families and guests and a portion of the shore of Crystal Lake had been set aside by respondent as a common beach. There was erected thereon a beach pavilion containing shower baths and sanitary facilities for the use of the bathers.

Respondent, which had retained title to the beach, had previously applied for and obtained permission to alter and enlarge this pavilion to provide additional sanitary facilities for the users of the beach. The present application was made originally to the building inspector for an additional enlargement of the pavilion to provide further sanitary facilities, locker, dressing room and storage space and facilities for the sale of refreshments to the bathers. The application was denied by the building inspector and his action was affirmed by the Board of Adjustment after a public hearing. An examination of the record reveals that the denial was based solely upon the ground that facilities for the sale of refreshments would violate the zoning ordinance. It was stated by the chairman of the board that it did not oppose additional sanitary facilities and the request for these facilities has not been advanced by respondent on this appeal.

Concededly the sale of refreshments is not permitted

in a Primary Residence District by the zoning ordinance. Moreover, it appears from the evidence that the property in question is located at a distance of more than 150 feet from the boundary of the district so that the Board of Adjustment, at the time of the hearing, had only the power to *recommend* such a variance to the local governing body under *R. S.* 40:55–39(d) as it then stood. *Potts v. Board of Adjustment of Borough of Princeton,* 133 *N. J. L.* 230 (*Sup. Ct.* 1945).

The second fundamental weakness of respondent's position is that no unnecessary hardship to respondent was proven. To the contrary it was admitted at the hearing before the Board of Adjustment that there was no hardship to respondent except that the lack of refreshment facilities had occasioned complaints from the patrons at the beach. It is true that some of the property owners in the vicinity testified to hardship and inconvenience caused them by the lack of such facilities but this testimony does not fulfill the statutory requirement. As a jurisdictional prerequisite to alleviating action by the Board of Adjustment there must be proven unnecessary hardship to the individual landowner. *Brandon v. Board of Commissioners of Town of Montclair,* 124 *N. J. L.* 135 (*Sup. Ct.* 1940) ; affirmed, 125 *N. J. L.* 367 (*E. & A.* 1940).

The respondent has not presented the jurisdictional prerequisites to the granting of a variance by the Board of Adjustment and therefore its application was properly denied.

The argument was advanced by the respondent that the amendment of *R. S.* 40:55–39, by *P. L.* 1948, *c.* 305, § 6, which amendment became effective on August 9, 1948, while this case was under consideration by the former Supreme Court, should be considered by us upon the ground that the requirements of the statute have been materially altered by the amendment in a manner favorable to the respondent. We have not considered the effect of the 1948 amendment. The proceedings were initiated and the hearing was held by the Board of Adjustment prior to the effective date of the amendment.

The judgment of the former Supreme Court is reversed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, BURLING and ACKERSON—5.

*For affirmance*—Justice WACHENFELD—1.