Plaintiffs move for a summary judgment on a proceeding in lieu of prerogative writ, seeking to reverse the refusal to grant a variance and to require the *Page 283 
issuance of a permit to erect an automobile service station and store at 319-339 East Thirty-third Street, in the City of Paterson.
The premises are located in a "B" residence zone and plaintiffs' appeal to the board of adjustment, after denial of the permit by the inspector of buildings, was dismissed after hearing. Plaintiffs attack the validity of the zoning ordinance, contending that it constitutes an invalid exercise of the police power and fails to establish a sufficient norm or standard for the guidance of the board of adjustment in determining an appeal. These contentions are, I think, without substantial merit.
The ordinance was a valid exercise of the police power and section XXIII specifically provides that "in their interpretation and application, the provisions of this ordinance shall be held to be the minimum requirements adopted for the promotion of the general health, safety, comfort, convenience and general welfare." Automobile service stations are not listed as a permitted use of residence zone property and there can hardly be a more definite norm or standard than this absolute prohibition, subject only to the authority of the board of adjustment to recommend a variance in proper cases. As Chief Justice Vanderbilt pointed out in Duffcon Concrete Products v. Borough ofCresskill, 64 A.2d 347:
"The guiding standards which govern the exercise of the powers of the board of adjustment are carefully set forth in R.S.
40:55-39, N.J.S.A. Once the board of adjustment is provided for in the zoning ordinance, its powers stem directly from the statute, * * * and may not in any way be circumscribed, altered or extended by the municipal governing body."
As there is no evidence that the action of the board was either capricious or unreasonable, there is no reason why the court should attempt to substitute its judgment, and plaintiffs' motion for summary judgment must be denied. *Page 284