A writ of certiorari was allowed on June 8, 1947, to the plaintiff, Joseph Scerbo, to review a determination of the Board of Adjustment of the City of Jersey City. The said Board denied plaintiff's appeal from the decision of building superintendent of Jersey City, in denying a permit to the plaintiff to make alterations to the premises allegedly owned by his wife, and leased by him, for use as a dry cleaning establishment.
Application was made by the plaintiff on April 29, 1947, for a building permit to alter 2725 Hudson Boulevard, Jersey City, New Jersey, a building situated at the northwest corner of Hudson Boulevard and Stuyvesant Avenue, Jersey City, which alterations were intended for the purpose of installing a "Prosperity Model" 6-A Dry Cleaning Unit in proposed dry cleaning establishment. The said building contained a vacant store on the first floor, and two families on the second floor, and two families on the third floor, each apartment consisting of three rooms. The superintendent of buildings of said city on April 29, 1947, rejected the plaintiff's application as being contrary to section 4, paragraph 1 of the Zoning Ordinance passed February 6, 1931, in Jersey City, which reads as follows:
 "SECTION IV — BUSINESS ZONE OR DISTRICT.
Par. 1. In a business zone or district, as designated on the `Use District Map,' no premises, building or structure shall hereafter be erected, altered or used for any of the following purposes:
1. Commercial enterprises.
2. Manufacturing of any kind, except as hereinafter provided.
3. Industrial enterprises.
 * * * * * * * *
6. Carpet or bag cleaning establishment.
 * * * * * * * *
11. A public garage or gasoline filling station.
 * * * * * * * *
16. A public parking station.
17. Any use which is a nuisance per se." *Page 412 
On April 30, 1947, the plaintiff advised the said superintendent of buildings that he intended to proceed with an appeal to the Board of Adjustment from the said superintendent's rejection of the plaintiff's application to maintain a dry cleaning establishment at aforesaid address. On May 1, 1947, plaintiff filed an application with the Board of Adjustment for a variance from the requirements of section 4, paragraph 1 of the Zoning Ordinance to convert the aforesaid store to a commercial dry cleaning use. The said Board of Adjustment on November 12, 1947, took up a consideration of plaintiff's request to permit conversion of the said store to a commercial dry cleaning use. The plaintiff sought permission to install a dry cleaning unit and operate a dry cleaning store at that establishment. The cost of the installation of machine plaintiff intended to install was $5,300. This was to be placed in the store on the first floor in a frame building which housed four families. The machine was to use as a cleaning solvent perchlorethylene, and filled not more generally than once a day. Perchlorethylene is a non-flammable organic solvent. If this solvent was used exclusively, the insurance rate would not be increased. Only if machine was not operated properly might there be an odor.
The property in question, that is, the block in which it is located, is zoned for second class residences. It is within the "Second Residential Zone or District" as designated by the Zoning Ordinance. Property owners objected at the hearing before the Board of Adjustment, maintaining that the installation and operation of such a machine for the use intended would be hazardous, harmful, dangerous, and depreciate the property values of their homes. The building was erected more than 35 years ago. The application called for a variation of the Zoning Ordinance for a commercial use in a residential zone, namely to a commercial dry cleaning use. On May 13, 1948, the Board of Adjustment denied the plaintiff's appeal. The Board's rejection was based on the factual information presented by the applicant and the property owners as to the effect of such conversion.
It is clear that this is the only store on Hudson Boulevard *Page 413 
within this block. The store was vacant, and there was nothing to indicate what its use was immediately prior to the aforesaid application or at adoption of the Zoning Ordinance. It had been used, since it was erected more than 35 years ago, for the following commercial and business purposes within the past 20 years prior to and since the adoption of the Zoning Ordinance, namely: radio store, beauty parlor, delicatessen store, butcher shop, shoemaker and tailor shop for the repairing of clothes and for the cleaning thereof by hand by chemical means.
The property is within the "Second Residential Zone or District" as designated by the Zoning Ordinance of Jersey City, as shown on the Use District Map of the City of Jersey City, which said map is a part of the aforesaid Zoning Ordinance. There is a "Business District" on the said Use District Map of Jersey City, and the plaintiff's property lies within 150 feet of the nearest boundary line of the said "Business District," which runs in a southerly direction for one block. There are two properties in the "Second Residential Zone or District" within 150 feet of the premises in question which are occupied by the respective owners thereof and devoted partly to a rooming house business.
We are of the opinion that the Board of Adjustment should be sustained. There is no pre-existing, nonconforming use in conducting a tailor shop where clothes are cleaned by hand and in the installation of machinery and equipment for the purpose of establishing a dry cleaning establishment. The machine proposed to be installed is 7 feet 9 inches overall in length, approximately 4 1/2 feet deep, and 8 feet high. There is nothing to indicate at what time the said premises had been previously used as a tailor shop wherein clothes were cleaned by hand by chemical means. There is no similarity between removing a spot on clothes by hand and the cleaning of garments by a machine and equipment to the value of $5,300 and size described. Certainly it cannot be said that the ruling and decision of the Board of Adjustment, from a reading of the entire record, in any way was a denial of the plaintiff's request, by the exercise of an abuse of discretion, *Page 414 
unreasonable, arbitrary, or capricious. There was no undue hardship established by the plaintiff. The continuance of a nonconforming use is a continuance of the same use and not of some other kind of use. Kensington Realty Holding Corp. v.Jersey City, 118 N.J.L. 114 (Sup. Ct. 1937). Neither was there any invasion of any fundamental right of property. Berdanv. City of Paterson, 137 N.J.L. 286 (Sup. Ct. 1948).
The burden of establishing that an ordinance is unreasonable rests upon the party attacking its validity. The burden was not sustained. Denial by the Board of modification of the ordinance was proper. Concord Development Co. v. Dowling,6 N.J. Misc. 552, 142 A. 356 (Sup. Ct. 1928). It is well established that there is the presumption that a zoning ordinance is reasonable in its application, and the burden is on the applicant for a variance of establishing justifiable cause for the change requested. Brandon v. Board of Commissioners of Montclair,124 N.J.L. 135, 11 A.2d 304 (Sup. Ct. 1940); Id.,125 N.J.L. 367, 15 A.2d 598 (E. A. 1940); Saraydar v. Boardof Commissioners, 131 N.J.L. 290, 36 A.2d 289 (Sup. Ct.
1944); Scaduto v. Town of Bloomfield, 127 N.J.L. 1,20 A.2d 649 (Sup. Ct. 1941).
R.S. 1937, 40:55-39, as amended by P.L. 1948, c. 305,p. 1223, § 6, permits variances from a zoning ordinance only in specific cases, where owing to special conditions, a literal enforcement will result in unnecessary hardship.
We have reviewed the facts and independently find as aforesaid in the interest of justice and conclude that the plaintiff did not establish that he was entitled to the variance in question.Rule 3:81-13.
As was said by Mr. Justice Ackerson at page 135 in the case ofRamsbotham v. Board of Public Works, Paterson, 2 N.J. 131,133 (Sup. Ct. 1949): "This provision is operative only where the applicant's plight is "owing to special conditions," that is, to circumstances uniquely touching his own land as distinguished from conditions that affect the whole neighborhood. And it is notper se a sufficient reason for a variance that the nonconforming use is more profitable to the particular land owner. Brandon v. Board of Com'rs *Page 415 of Montclair, 124 N.J.L. 135 (Sup. Ct. 1940); affirmed,125 N.J.L. 367 (E. A. 1940); National House and Farms Ass'n,Inc., v. Oakland, 2 N.J. 11 (Sup. Ct. 1949); Potts v. Boardof Adjustment of Princeton, 133 N.J.L. 230, 239 (Sup. Ct.
1945)."
It is also axiomatic that this court may not substitute its judgment for that of the Board of Adjustment within that Board's sphere of action, where there is no evidence that the Board's action was capricious or unreasonable. Phillips v. City ofPaterson, 3 N.J. Super. 281 (Super. Ct. 1949).
We therefore conclude that the writ be dismissed with costs, and judgment entered for defendant.