68 So.2d 827 (1953)
LIPPOW et ux.
v.
CITY OF MIAMI BEACH.
Supreme Court of Florida. Special Division B.
December 8, 1953.
*828 R.K. Bell, Miami, for appellants.
Ben Shepard and Joseph A. Wanick, Miami, for appellee.
DREW, Justice.
Appellant owns a parcel of land in Miami Beach which is zoned as RE (hotel and apartment) use and on which is located a dwelling house in which appellants reside. The property across the street (the entire block) is zoned Business, the property adjacent on the south is zoned Business and to the north and west are public parking lots. The situation is graphically shown by the following which is a substantial reproduction of a plat introduced in evidence in the lower court:

The evidence shows that a large department store covering a considerable portion of the block will soon be constructed by Burdine's, Inc., across the street. To the south is Lincoln Road, built up solidly with business houses. The record further shows that the land across the street on which the department store is to be built was only recently rezoned from RE to Business, and that during the pendency of these proceedings appellants' property was rezoned from Residential to the classification above mentioned.
The lower court entered a decree holding the zoning of appellants' land to be reasonable and valid and this appeal followed.
In City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493, 494, we reviewed many of the earlier zoning cases of this Court and, recognizing the presumptive validity of such ordinances, when enacted pursuant to proper authority, declared that this Court "* * * will not substitute its judgment for that of the municipality but will sustain the legislative intent of the ordinance if the matter is `fairly debatable.'" We further said in that case:
"If the Courts adopt the policy of substituting their judgments for that of city officials, simply because of their refusal to rezone the property in accordance with the wishes of the landowner to increase the value of the land, they will eventually become *829 the zoning boards for every county and municipality in the State."
We are reluctant to upset the legislative will but a careful examination of the situation presented in this case forces us to the conclusion that there is no basis whatever for the present zoning of appellants' property. The question is not fairly debatable. There is no other property in the immediate area identically situated. It is not the presence of the parking lots alone that renders the present zoning invalid because we realize full well that under certain conditions a parking lot might be an advantage rather than a disadvantage to an apartment or hotel. This fact, however, coupled with the businesses on all other sides and the complete change in the character of the neighborhood, renders the present zoning unconstitutional and void as to appellants' property. Stengel v. Crandon, 156 Fla. 592, 23 So.2d 835, 161 A.L.R. 1228. There is simply no relation whatever between the present zoning of the subject property and the general welfare of the community. The argument of the City that to rezone appellants' property to business would adversely affect the stability of business property on Lincoln Road and therefore the economic life of Miami Beach does not constitute any legal basis to uphold the action of the City. See 58 Am.Jur. 958, par. 28, which reads as follows:
"Section 28. Protection of Property Values and Other Economic Interests.  Zoning regulations are sometimes adopted for the purpose of promoting the prosperity of the community, or for the conservation of land values throughout the municipality, and there is authority to the effect that the protection of the value and usefulness of urban land, or, in general, the promotion of the community prosperity, is a matter relating to the general welfare, and is within the police power. A different result has been reached, however, in regard to a zoning ordinance enacted for private advantage merely. It has even been held that the fact that the enforcement of a zoning regulation will tend to stabilize and enhance property values in a particular district is not in itself a sufficient basis for the exercise of such police power. It has also been ruled that the zoning power may not be exercised from an arbitrary desire to resist the natural operation of economic laws, or as a device to maintain a low tax rate." (Emphasis added).
For the reasons pointed out this cause is hereby reversed with instructions to enter a decree in accordance with the views herein expressed.
Reversed.
ROBERTS, C.J., and TERRELL and THOMAS, JJ., concur.