76 So.2d 152 (1954)
CITY OF MIAMI
v.
ROSS et ux.
Supreme Court of Florida. Special Division A.
August 31, 1954.
On Rehearing November 23, 1954.
Further Rehearing Denied January 10, 1955.
J.W. Watson, Jr., Olavi M. Hendrickson, Miami, for appellant.
Hall, Hedrick & Dekle, Walter S. Calwell Rogers, Miami, for appellees.
ROBERTS, Chief Justice.
This is an appeal from a final decree entered in a suit instituted in the court below by the plaintiffs, appellees here, to have declared unconstitutional and void, as applied to their property, that portion of the City's zoning ordinance which zoned their property as R-1 (single-family residences) and to enjoin the city from interfering with plaintiffs in the use of their land "for lawful and inoffensive nonresidential purposes such as the erection and operation of an apartment house thereon."
The plaintiffs filed motion for summary decree, supported by affidavits showing the vast change in the character of the neighborhood since the original zoning of the area as residential. The defendant City, appellant here, countered with an affidavit of the Director-Secretary of its Planning and Zoning Board in which it was admitted that the "character of the area involved herein has changed substantially so that the captioned land is no longer suitable for, nor adaptable to, single family residences," but stating that unrestricted apartment and motel construction, as authorized by its existing R-3 classification, would be detrimental to the area and that the City was presently engaged in working out an area-wide zoning plan for the entire district in which plaintiffs' property was located, which new plan would allow multiple-family residences but which differed in important respects from the existing R-3 classification.
Finding that there was no genuine issue on the question of the invalidity of the ordinance as applied to plaintiffs' property, the Chancellor entered summary final decree in their favor and, further, ordered the City to rezone the plaintiffs' property within 30 days, failing which the City *153 "shall be mandatorily enjoined and required to sanction, license and permit the use of the aforedescribed lands of the Plaintiffs, or their successors in title, for the erection, operation and use of an apartment house or motel, allowing thereby any and all uses permitted in the current City of Miami R-1 and R-3 districts of the zoning ordinances of the said City of Miami."
It appears that the City has been considering for some time the advisability of rezoning the particular district in question. And, as noted above, the City admitted that "the character of the area involved herein has changed substantially so that the captioned land is no longer suitable for, nor adaptable to, single family residences." Under such circumstances, the power of the City to rezone a particular area because of a change in the character of the neighborhood is no longer a discretionary matter; it becomes its duty to do so. And it follows that the judicial processes may be directed to compelling the performance of such duty.
But it does not follow that the court can require the City, in advance of a planned area-wide zoning, to rezone a particular property in a manner not presently contemplated by the City and which, it contends, would not accord with good zoning practice, and we think it was error to do so.
This is not a case where the change in the character of the zoning district caused by the growth of business and commerce affects only one particular property  where there is no other property in the immediate area identically situated. Compare Lippow v. City of Miami Beach, Fla., 68 So.2d 827; Ehinger v. State ex rel. Gottesman, 147 Fla. 129, 2 So.2d 357. Here, the conditions which render the plaintiffs' property unsuitable for residential use are general and applicable to the entire district in which their property is located. Their application to the zoning officials for a change in the zoning of their property from R-1 to R-3 was, in essence, a request for a variance; and their application to the court, upon the refusal of their request by the City, sought the same relief. But they showed no special hardship peculiar to their own property; they showed only that the general condition of the entire area had changed so as to require a fundamental revision of the zoning ordinance. This is a legislative matter, which should be remedied by a revision of the general zoning law and not by granting a special privilege to a single owner. See Arverne Bay Const. Co. v. Thatcher, 278 N.Y. 222, 15 N.E.2d 587, 117 A.L.R. 1110; Brackett v. Board of Appeal of Building Dept. of City of Boston, 311 Mass. 52, 39 N.E.2d 956; Brandon v. Board of Com'rs of Town of Montclair, 124 N.J.L. 135, 11 A.2d 304, affirmed 125 N.J.L. 367, 15 A.2d 598; Rommell v. Walsh, 127 Conn. 272, 16 A.2d 483. And, in the face of the City's announced intention to rezone the entire district, the provision of the decree that, upon the failure of the City to rezone, the plaintiffs should be allowed to make any use of their property permitted in R-3 districts, was, in effect, in the circumstances here present, "spot zoning" by judicial fiat  and this, in our opinion neither the courts nor the City's zoning officials can do. See Yokley, Zoning Law and Practice, 2d Ed., Sec. 90 et seq., page 202. The lower court has other means of compelling compliance with its decree, and is neither required nor authorized to do so by the method here adopted.
The situation here is somewhat analogous to that encountered by a City when it wishes to preserve the status quo of an unzoned section or sections of the City pending the adoption of a comprehensive zoning plan. The validity of so-called "stopgap" or "interim" ordinances enacted for such purpose has been sustained in a number of cases and by the greater weight of authority, according to Yokley's Zoning Law and Practice, 2d Ed., Sec. 82, page 183. See also cases collected in the annotation in 136 A.L.R. at page 844. In upholding such an ordinance, it was said in Miller v. Board of Public Works, 195 Cal. 477, 234 P. 381, 388, 38 A.L.R. 1479.

*154 "It is a matter of common knowledge that a zoning plan of the extent contemplated in the instant case cannot be made in a day; therefore we may take judicial notice of the fact that it will take much time to work out the details of such a plan and that obviously it would be destructive of the plan if, during the period of its incubation, parties seeking to evade the operation thereof should be permitted to enter upon a course of construction which might progress so far as to defeat in whole or in part, the ultimate execution of the plan * * *." (Emphasis supplied.)
It would be similarly disruptive of the City's area-wide plan proposed for the district to require it to permit non-conforming uses during the incubation period of the new plan; but the City should, of course, be required to adopt and put into effect such plan as rapidly as is reasonably possible.
Although it is not here argued, it was contended in the lower court, upon petition for rehearing, that the 30-day period specified in the decree was too short a time in which to fulfil the requirements of the zoning law for an amendment to the zoning ordinance; but we do not decide this question, since it is not here argued. Since almost a year has passed since the entry of the decree appealed from it well may be that the City has long since rezoned the district in question. But on the record before us, our decision must be to affirm that portion of the decree holding invalid the present classification of plaintiffs' property and requiring the City to rezone the plaintiffs' property, and to reverse that portion providing that, upon failure to rezone, the City shall allow the plaintiffs to use their property in any manner permitted in the current R-1 and R-3 districts of the zoning ordinances of the City.
The decree is affirmed in part and reversed in part and the cause remanded to the lower court with directions to enter a decree requiring the City, if it has not already done so, to proceed immediately with the rezoning of the area in accordance with the requirements of its zoning law, and to complete such rezoning within a reasonable time, to be fixed by the Chancellor, pending which the property here involved should retain its present classification.
TERRELL and MATHEWS, JJ., and MURPHREE, Associate Justice, concur.

On Rehearing Granted
On rehearing granted, we have reviewed the opinion heretofore filed in this cause and adhere to the principles of law stated therein. Upon reconsideration of the facts involved in this particular case, however, we are persuaded that the facts are sufficiently analogous to those with which we were concerned in City of Miami Beach v. Kay, Fla., 71 So.2d 725, City of Miami Beach v. First Trust Co., Fla., 45 So.2d 681, and Lippow v. City of Miami Beach, Fla., 68 So.2d 827, to require an affirmance of the decree of the lower court.
We therefore recede from the judgment heretofore entered, and hold that the decree of the lower court should be and it is hereby
Affirmed.
TERRELL and MATHEWS, JJ., and MURPHREE, Associate Justice, concur.