71 N.J. Super. 71 (1961)
176 A.2d 304
HARRY G. LAVIN, PLAINTIFF,
v.
CITY OF CAMDEN, ET AL., DEFENDANTS, AND PARKING AUTHORITY OF THE CITY OF CAMDEN, INTERVENOR.
Superior Court of New Jersey, Law Division.
Decided December 1, 1961.
Mr. W. Louis Bossle, attorney for the plaintiff.
Mr. George E. Stransky, Jr., attorney for the defendants (Mr. Joseph M. Nardi, Jr., of counsel).
Mr. Joseph T. Sherman, attorney for the intervenor.
*72 SCHALICK, J.S.C.
This is a taxpayer's action against the City of Camden seeking to invalidate a resolution for an emergency appropriation, to declare the Parking Authority Law unconstitutional, and to invalidate an ordinance of the City of Camden which guaranteed an issue of bonds of the Parking Authority of the City of Camden in the sum of $500,000, in which action the Parking Authority of the City of Camden was permitted to intervene.
The plaintiff filed a complaint on April 10, 1961 to set aside a resolution of the City of Camden adopted March 23, 1961. This resolution appropriated $50,000 pursuant to N.J.S.A. 40:2-31(1) asserting an emergency "in that the Parking Authority of the City of Camden requires $50,000.00 to immediately acquire certain properties in furtherance of its purpose pursuant to the Parking Authorities Law of New Jersey."
On April 27, 1961 the City of Camden passed an ordinance entitled "An Ordinance Providing for the Guaranty by the City of Camden, New Jersey of the principal of and interest on $500,000. Bonds of the Parking Authority of the City of Camden, for financing the Mickle-Stevens Project," which ordinance was published after final passage on April 29, 1961. This ordinance was adopted pursuant to the "Parking Authority Law," N.J.S.A. 40:11A-1 et seq.
On May 18, 1961 notice of motion was filed by the plaintiff to amend the complaint and add a second count which sought to set aside the ordinance and asserted the unconstitutionality of the "Parking Authority Law." An order was made on May 26, 1961 permitting the supplement and the complaint was amended accordingly.
On June 27, 1961 the Parking Authority paid $50,000 to the City of Camden, which amount had theretofore been advanced by the City of Camden under the authority of the resolution.
On October 13, 1961 defendants listed before this court motions for summary judgment, and the City of Camden *73 adopted a resolution cancelling the emergency appropriation on or about said time.
As the emergency appropriation has been repaid to the City of Camden, and the authorization cancelled, the issue originally made by the plaintiff is resolved by the subsequent action of the defendants and there is no reason for the court to give it further consideration.
The plaintiff directs his attack on the Parking Authority Law, N.J.S.A. 40:11A-1 et seq., charging that it is unconstitutional because it delegates power without a sufficient legislative standard.
In DeLorenzo v. City of Hackensack, 9 N.J. 379 (1952), the court held the creation of a parking authority constituted a proper exercise of the legislative function.
An analysis of the statute shows that "the purposes of every parking authority shall be the construction, provision or operation of off-street parking projects within its area of operation and the consequent promotion of free movement of traffic and relief of traffic congestion on the streets of said area and improvement of conditions affecting the public safety and welfare therein." N.J.S.A. 40:11A-6(2). These purposes, although defined in a general way, are sufficiently specific to fix the objects to be attained. The provision which follows does not give unlimited power but limits the right of the authority to give effect to the purposes in a particularized manner: "Every parking authority is hereby authorized to plan, design, construct, reconstruct, enlarge, improve, manage, maintain, repair, operate and use such parking project or projects as in the opinion of the authority will provide an effective and satisfactory method for promoting the purposes of the authority." N.J.S.A. 40:11A-6(3). The standards which shall guide the authority are set out in the statute and all projects initiated would have to meet those requirements.
The declaration of necessity of legislation stated in N.J.S.A. 40:11A-2 discloses the critical area in which the Legislature has placed parking authorities and the *74 problems which such authorities need to solve. The relation of the purposes and the powers granted to carry them out, as stated in the cited statute, to the solution of these problems is most reasonable.
The court determines that the standards of the subject statute are legally sufficient. Certain standards required in other areas are included in the opinion of Como Farms, Inc. v. Foran, 6 N.J. Super. 306, 312 (App. Div. 1950).
"Thus the Board of Public Utility Commissioners has been guided simply by the standard of `public convenience and necessity' (see e.g. R.S. 48:11-1; Fernarotto [Fornarotto] v. Board of Public Utility Commissioners, 105 N.J.L. 28, 32 (Sup. Ct. 1928)) and the Commissioner of Alcoholic Beverage Control with authority to fix prices and promulgate regulations (Gaine v. Burnett, 122 N.J.L. 39 (Sup. Ct. 1939), affirmed 123 N.J.L. 317 (E. & A. 1939) has been guided by the legislative pronouncement that the statute shall be administered in `such a manner as to promote temperance and eliminate the racketeer and bootlegger.' (R.S. 33:1-3, 39.)"
A study of the several authority statutes in our state results in the finding that the basic provisions of the statutes creating them are the same except for the defined purposes. Many of the decisions refer to the long history of authorities in our country. Some have gained acceptance at different periods by reason of the demand for such a governmental agency to meet a need. Some of the better known are Local Housing Authorities Law, N.J.S.A. 55:14A-1 et seq.; Sewerage Authorities Law, N.J.S.A. 40:14A-1 et seq.; New Jersey Turnpike Authority, N.J.S.A. 27:23-3 et seq.; Municipal Utilities Authorities Law, N.J.S.A. 40:14B-1 et seq.
These authority statutes, as well as others not noted herein, have been subject to similar attacks as made in this case, that the statute is unconstitutional for the lack of adequate standards. The plaintiff referred to certain sections of the statute as illustrations of the unlimited grants of power in general language but he did not undertake to limit his efforts to other than the entire statute.
*75 Our courts have sustained the authority statutes in Romano v. Housing Authority, 123 N.J.L. 428 (Sup. Ct. 1939), affirmed 124 N.J.L. 452 (E. & A. 1940); Ryan v. Housing Authority of City of Newark, 125 N.J.L. 336 (Sup. Ct. 1940); City of Newark v. New Jersey Turnpike Authority, 7 N.J. 377 (1951).
In Schierstead v. City of Brigantine, 20 N.J. 164, 169 (1955) the court said:
"In ascertaining the presence of standards and norms to support delegated powers, it is fundamental that we are not confined to the four corners of the particular section under consideration but are obligated to examine the entire act in the light of its surroundings and objectives. Nor need the standards be set forth in express terms, if they may reasonably be inferred from the statutory scheme as a whole.
These rules of construction were succinctly set forth in the recent case of Ward v. Scott, 11 N.J. 117, 123 (1952), where Justice Jacobs said: `* * * In dealing with the question of standards it is elementary that we are not confined to the specific terms of subsection (d) but must examine the entire act in the light of its surroundings and objectives. See Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. [547] (1952). Nor are we restricted to the ascertainment of standards in express terms if they may be reasonably implied from the entire act. See Brandon v. [Board of Commissioners of Town of] Montclair, 124 N.J.L. 135, 143, 11 A.2d 304, 309 (Sup. Ct. 1940), affirmed 125 N.J.L. 367, 15 A.2d 598 (E. & A. 1940), where Justice Heher rightly noted that "`A statute often speaks as plainly by inference, and by means of the purpose which underlies it, as in any other manner. That which is clearly implied is as much a part of the law as that which is expressed." * * * On the present issue this wholesome doctrine may receive support not only from the general presumption of the validity of legislation (Attorney General v. McGuinness, 78 N.J.L. 346, 371, 75 A. 455 (E. & A. 1910), but also from Article IV, Section VII, paragraph 11 of our Constitution of 1947 which states that the provisions of the Constitution and of any law concerning municipal corporations "shall be liberally construed in their favor."'"
The Parking Authority Law meets all of these requirements in dealing with parking and traffic problems by providing a way to construct and operate off-street parking projects. The plaintiff, in seeking to invalidate the ordinance of the City of Camden which guaranteed the Parking *76 Authority bonds, relies on the alleged unconstitutionality of the Parking Authority Law. N.J.S.A. 40:11A-22 provides:
"The municipality for which a parking authority shall have been created shall have the power from time to time, by or pursuant to ordinance duly adopted or by instruments or other action authorized by such an ordinance, and for such period and upon such terms, with or without consideration, as may be provided in such ordinance and accepted by the authority * * *.
(e) To unconditionally guarantee the punctual payment of the principal of and interest on any bonds of the authority * * *."
The supplemental debt statement filed by the City of Camden, as stated in the ordinance, reveals a compliance by the city with all legal requirements in making such guarantee. The ordinance in question is valid.
Judgment will be entered granting defendants' motion for summary judgment.