76 N.J. Super. 30 (1962)
183 A.2d 722
BRANDT ENTERPRISES, INC., A CORPORATION, PLAINTIFF,
v.
CITY OF CAMDEN AND PARKING AUTHORITY OF THE CITY OF CAMDEN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 10, 1962.
*31 Mr. W. Louis Bossle, attorney for plaintiff.
*32 Mr. George E. Stransky, Jr., attorney for defendant City of Camden.
Mr. Norman Heine, attorney for defendant Parking Authority of the City of Camden.
SCHALICK, J.S.C.
Plaintiff here seeks, by way of a proceeding in lieu of prerogative writs, to have an appropriation ordinance of the City of Camden (city) declared void. The ordinance provides for the appropriation of $650,000 and authorizes the issuance of $618,000 in bonds or notes of the city for parking improvements or purposes. The property sought to be acquired is described in the ordinance by metes and bounds. By stipulation filed by counsel, it appears that the described property is owned by the Parking Authority of the City of Camden (parking authority). A conveyance of these properties to the city would include substantially all of the capital assets of the parking authority, save a one-year lease on a parcel not included in the contemplated conveyance, an option to purchase still another parcel, the office equipment and furniture plus the working capital of the parking authority. It is further stipulated that the proposed conveyance is not pursuant to any plan to terminate the existence of the parking authority. At present the parking authority is indebted by a promissory note in the amount of $450,000, payment of which is pledged against revenues, plus contractual debts of some $32,000. Plaintiff attacks the ordinance by challenging the right of a municipality to appropriate money and issue securities in order to acquire the presently encumbered assets of a municipally-created parking authority.
Plaintiff contends that, pursuant to N.J.S.A. 40:11A-24, a parking authority may not convey any of its projects to the city until after all bonds and other obligations have been finally paid and discharged, thus any present appropriation by the city in an attempt to purchase the assets while still encumbered is ultra vires both *33 the city and the parking authority. N.J.S.A. 40:11A-24 provides:
"When any authority shall have finally paid and discharged all bonds or other obligations, which together with interest due thereon, shall have been secured by a pledge of any of the revenues or receipts of a project, it may, subject to any agreements concerning the operation or disposition of such projects, convey such project to the municipality or county creating the authority. * * *"
The purport of this section is to protect the interest of those holding revenue obligations of the authority by requiring payment and discharge before the conveyance is made. The time when this section becomes operative is when the obligations have been retired.
The inquiry thus presented is whether the outstanding note of the parking authority will have been retired at the time that a conveyance to the city is attempted. If the answer to the above inquiry is no, then the authority is powerless to act since N.J.S.A. 40:11A-24 makes payment and discharge conditions precedent to such a transfer. Since no transfer as yet has been attempted, the issue as to whether or not the obligation will, at some future time, be retired is, at this point, speculative and academic insofar as the present attack upon the appropriation ordinance is concerned. The payment of the parking authority note on this project simultaneous with the conveyance to the city may be reasonably contemplated, and although such a state of facts is not before the court, it would meet the statutory requirements. The result would be a compliance with N.J.S.A. 40:11A-24, cited supra.
No citations need be given to substantiate the proposition that a municipality may not legally authorize the expenditure of municipal funds if the object thereof is illegal. The salient fact remains, however, that the legality or illegality of a transfer such as this is determinable only at some future time, viz., when a transfer by the parking authority to the city is attempted. In *34 accordance with sound judicial policy, this court declines to pass upon the validity of an act to take place in futuro.
The only vital issue then remaining is the legal efficacy of the city in passing the appropriation ordinance in the first instance. Plaintiff concedes that a municipality has the general power to acquire lands for public parking purposes. N.J.S.A. 40:60-25.1 empowers every municipality to "acquire, by gift, devise, purchase or condemnation or in any other lawful manner, lands, buildings or other property, or interests therein, for the purpose of making facilities available to the public for the public parking of vehicles." But, plaintiff contends, the city may not purchase parking lot sites from "its own" parking authority.
A parking authority created pursuant to the Parking Authorities Law, N.J.S.A. 40:11A-1 et seq. is not a subdivision or agency of the municipality creating it. N.J.S.A. 40:11A-23(4) provides that:
"(4) A parking authority shall not be subject to, or constitute a municipality or agency or component of a municipality subject to, the provisions of chapter 50 or any other provisions of Title 40 of the Revised Statutes."
Clearly, then, the parking authority is a separate municipal corporation whose corporate existence is distinct from that of its creator. Otherwise N.J.S.A. 40:11A-1 et seq. would produce the untoward results of having a municipality pledge its own funds to itself, transfer its own property to itself and guarantee its own bonds to investors.
Both N.J.S.A. 40:60-25.1(d) and City of Trenton v. Lenzner, 16 N.J. 465 (1954), are cited by plaintiff for the proposition that where both the city and the parking authority have public parking projects, the integrity of each in the "public parking system" is contemplated. The authority given directly to the city to establish parking facilities via N.J.S.A. 40:60-25 et seq. is neither antagonistic toward nor exclusive of the powers vested in the parking authority through N.J.S.A. 40:11A-1 et seq. *35 See De Lorenzo v. City of Hackensack, 9 N.J. 379 (1952), and City of Trenton v. Lenzner, supra, at page 471. It is one thing to say that both types of facilities may coexist independently, and quite another to say that their coexistence is required. Reference to the language in Lenzner contemplates transfers between the municipality and the parking authority in order to attain the most advantageous handling of urban parking problems.
Plaintiff further attacks the validity of the ordinance by asserting its failure to comply with N.J.S. 40A:2-12 in that the ordinance by its terms does not disclose that the properties sought to be acquired are presently owned by the parking authority. N.J.S. 40A:2-12 provides that:
"A bond ordinance shall contain in substance the following:
a. an authorization for the issuance of obligations, stating in brief and general terms sufficient for reasonable identification the purpose or purposes for which the obligations are to be issued, * * *."
A recitation of the owner of the property is not required. The requirement of reasonable identification is more than satisfied in the ordinance through the utilization of a legal description of the premises by metes and bounds.
Plaintiff's last attack is on the constitutionality of the Parking Authorities Law regarding the alleged absence of adequate standards and norms to guide the parking authority in the powers granted to it by the Legislature. This issue was raised earlier before this court, wherein the constitutionality of the Parking Authorities Law was upheld. See Lavin v. City of Camden, 71 N.J. Super. 71 (1961). Nothing further need here be stated reaffirming this court's earlier determination on the same issue.
In conclusion, the determinations of this court are as follows: (1) The City of Camden, by virtue of N.J.S.A. 40:60-25.1 has legally appropriated and authorized the issuance of bonds or other securities for the purpose of acquiring sites for public parking purposes notwithstanding the fact that the properties sought to be purchased are *36 currently owned by the Parking Authority of the City of Camden, and (2) whether a transfer by the parking authority to the city constitutes an illegal transfer is not an issue which is for judicial determination at this time, nevertheless, if the requirements of N.J.S.A. 40:11A-24 are met, the transfer would be legal, and (3) the requirements of N.J.S. 40A:2-12 have been satisfied.
Judgment will be entered accordingly.