PER CURIAM.
In 1969, the City Commission of Miami requested that its planning board make a study of existing zoning restrictions on all properties lying within, and comprising the four subdivisions of: Glencoe, Fairview, Steele Park, and Fair Isle. The Zoning Board made a unanimous recommendation to the City Commission that the then existing zonings remain unchanged on all four subdivisions. The City Commission did thereafter adopt the Zoning Board’s recommendation as to three of the subdivisions, but as to the Glencoe subdivision, the Commission rezoned approximately twenty of the lots therein from R-4 to R-3.
The appellees herein are property owners whose property holdings were among the twenty lots rezoned to R-3. They were plaintiffs below, and prayed that the court direct the city to reset the zoning of their property back to the original status of R-4. At trial, testimony was presented by both sides, including expert witnesses and the plaintiffs themselves. The chancellor entered his final declaratory judgment, ordering and adjudging as follows:
“1. That Ordinance Number 7688, an Ordinance amending Ordinance Number 6871, the Comprehensive Zoning Ordinance for the City of Miami, passed by the City Commission of the City of Miami on the 5th day of September, 1968, insofar as said Ordinance Number 7688 pertains to the Plaintiffs’ property and abutting land owners of property within Glencoe subdivision, as above described, is an unreasonable exercise of power of the City Commission of the City of Miami, and unreasonably restricts the use of said property without any bearing on the public health, safety, comfort, morals and public welfare, and is void.
“2. That Plaintiffs and abutting land owners, affected by City of Miami Ordinance Number 7688, their respective successors and assigns and those claiming by, through or under the Plaintiffs, or abutting land owners, or any of them, shall have the right to use all or any portion of the property above described in the manner as provided and permitted by the zoning Ordinance Number 6871, the Comprehensive Zoning Ordinance *633 for the City of Miami, as originally passed by the City Commission of the City of Miami.”
The appellant contends first that the chancellor erred in his finding because the evidence and testimony presented was insufficient to substantiate the invalidation of the pertinent ordinance which originally rezoned the property to R-3. Having reviewed the record, we are of the opinion that the chancellor had before him competent expert witnesses, and the parties to the litigation, and that the testimony presented was ample and substantial upon which he predicated his finding. Accordingly, we must reject the appellant’s first point on appeal.
 As its next point on appeal, the appellant contends that the chancellor usurped the functions of the municipal legislative body and his actions constitute “spot zoning”. It is evident from the exhibits that the action of the court below did not and will not create the “spot zoning” effect which is to be avoided and we do not view the declaratory judgment as a usurpation of the legislative function. See Miami v. Ross, Fla.1944, 76 So.2d 152; Cole v. Oka, Fla.App.1961, 131 So.2d 757.
The appellant finally contends that the chancellor overreached his powers in that he rezoned not only the property owned by the plaintiffs, but the thirteen other lots which had been affected by the original ordinance. We must agree with this point since those other property owners were not parties to the lawsuit. In view of our holding, we must reverse that part of the order pertaining to any property other than that owned by the appellants.
Therefore, for the reasons stated above, the final declaratory judgment being appealed is hereby affirmed in part, reversed in part, and the cause is remanded for the entry of an amended judgment in accordance with this holding.
Affirmed in part, reversed in part and remanded.